IN THE MATTER OF MORGAN'S APPEAL v. PROCEEDINGS OF THE CHICAGO & NORTHEASTERN RAILROAD COMPANY.

*Condemnation of land for railroad.*

Where commissioners were appointed to determine the necessity of taking land for a railroad company, their finding "that the taking of said strip or parcel of land was required and necessary for the constructing and operating of said railroad and a necessary public use thereof," was held sufficient under sec. 2 of art. xviii of the State Constitution.

In assessing damages, for the taking of land for railroad purposes, work already done by the railroad company upon the land cannot be regarded as part of the realty for the purpose of increasing the damages.

Where commissioners appointed to assess damages for taking land for railroad purposes, assessed them in view of the tract taken altogether, but understated the quantity of the land by a fraction of an acre, it was held that it did not invalidate their action.

APPEAL from the award of commissioners and order of confirmation on the petition of the Chicago & Northeastern Railroad Company to the Circuit Court for Ingham County for the appointment of commissioners

to determine the necessity of taking a specified parcel of land for the use of the company, and the damages to be allowed the persons interested in the land. The claimants of the land appeal from the award and order of confirmation. Submitted October 29. Decided November 21.

*Schuyler S. Olds* for appellants. Private property shall not be taken by any corporation for public use without making or securing compensation as required by law, Mich. Const., art. xviii, §§ 2, 14; art. xv, § 9; and a railroad company cannot enter upon lands so condemned until the damages assessed shall have been paid or deposited, Act 198 of 1873, art. ii, § 23: 1 Sess. L. 1873, p. 517; the superstructure of a railroad is a fixture, *In re Long Island R. R. Co.*, 6 N. Y. (S. C.), 298; and its value should be included in the damages awarded for the right of way over land upon which it has already been laid, *United States v. Monterey Co.* 47 Cal., 517; *Graham v. C. & N. C. R. R.*, 36 Ind., 463; *Tredway v. Sharon*, 7 Nev., 37; commissioners appointed to condemn land for public purposes must find that it was necessary to take it for public use and to appropriate it to the building of the road, *E. Sag. & St. Clair R. R. v. Benham*, 28 Mich., 459; and the proceedings must show affirmatively that the law has been strictly followed, *Power's Appeal*, 29 Mich., 504; *McClary v. Hartwell*, 25 Mich., 141; *Mansf., Cold. & L. Mich. R. R. v. Clark*, 23 Mich., 519.

*S. L. Kilbourne* for the petitioner. If a railroad company enters upon land and builds its road without the knowledge or consent of the land owner, commissioners for assessing the damage to the land cannot award more than the just value of the land taken and the damage to the adjacent premises, *Justice v. Nesquehoning R. R.*, 18 Alb. L. J., 171; *Blesch v. Chicago etc. R. R.*, 43 Wis., 195; *Cal. etc. R. R. v. Armstrong*, 46 Cal., 90; *Miss. etc. R. R. v. Devaney*, 42 Miss., 602;

*Robbins v. Milwaukee & Horicon R. R. Co.,* 6 Wis., 636; *Bangor etc. R. R. Co. v. McComb,* 60 Me., 290; *Selma, R. & D. R. R. Co. v. Camp,* 45 Ga., 180; *Harvy v. Lackawanna & Bloomsburg R. R. Co.,* 47 Penn. St., 428; *East Pennsylvania R. R. Co. v. Hottenstine,* id. 28; *White Water Valley R. R. Co. v. McClure,* 29 Ind., 536; *Greenville & Columbia R. R. Co. v. Munnamaker,* 4 Rich. Law, 107; *Albany & Sus. R. R. Co. v. Dayton,* 10 Abb. Pr., N. S., 182; *State v. Gulf Ry.,* 3 Rob. (La.), 513.

GRAVES, J. This case comes up on the appeal of Henry and Edwin B. Morgan, from an order of the circuit court confirming commissioner's award in certain proceedings taken to condemn land for right of way. The land is situated in the outskirts of the city of Lansing, and when demanded for right of way was wild. The appellants reside in the State of New York, but a gentleman at Lansing has for many years been their agent to attend to paying taxes and guard the land against unlawful intrusion. In the summer of 1876 the company made entry upon the land to build their road and for the purpose of their track occupied between three and four acres, and in so doing placed about forty feet of a large bridge there.

During this time efforts were being made to acquire the way by private and amicable means, and the company proceeded in the belief that such efforts would succeed and there was reasonable ground for such belief. The facts in regard to this need not be explained. In the fall of that year, however, and after the company had about completed the road across the land, it became obvious that the endeavor to get the way by private arrangement must fail, and they then instituted proceedings in the probate court to secure the result by condemnation under the statute. This took place the 29th of September.

Commissioners were appointed and they made an award which the probate court confirmed November 7,

1876. The appellants were not satisfied and they obtained a review here on certiorari. The record showed that error had been committed in giving notice, and the proceedings were therefore quashed. *Morgan v. Chicago & N. E. R. R. Co.*, 36 Mich., 428. After this decision the company made the application in the record. This was in July, 1877. The appellants appeared in the circuit court and demanded a jury. In the course of some eight days, however, they stipulated with the company that the order for a jury shold be changed to one for commissioners, and that Edward W. Sparrow, T. Gale Merrill and George E. Ranney should be appointed by the court "to determine the necessity for taking the *land* described in the said company's petition, and the *compensation* and damages to be awarded to the owners of said land in consequence of such taking." The court conformed its action to the stipulation and the commissioners so agreed on were appointed and the award now in question was made by them on the strength of these proceedings. They examined the premises and received and heard the proofs and claims of the respective parties. Counsel attended on each side and a full hearing was allowed. After deliberation, and on the 19th of December, 1877, the report was filed. The commissioners thereby found and determined "that the taking of said strip or parcel of land (described as fifty feet in width on each side of the center line of said company's road extending across the northwest fractional quarter of section 22 in town 4 north, range 2 west, and about 92 rods in length from east to west, containing $3\frac{1}{2}$ acres) was required and necessary for the constructing and operating of said railroad and a necessary public use thereof," and that the company ought to pay appellants as compensation for the land taken $190.50 and $195 for damages to remaining lands, and that the same was awarded. They further reported that they did not estimate or include improvements which the company had made, and that their award was made up as of Novem-

ber 15, 1877. It appears to have been written out December 11, 1877.

The statute prescribes that the notice of appeal "shall specify the objections" taken to the proceedings and that the Supreme Court shall pass on such objections *only*, and that all others, if any, shall be deemed waived. It further prescribes that when a "claimant of damages" appeals, no part of the report shall be affected except the part appealed from. Act 198 of 1873, art. ii, § 23; Laws of 1873, pp. 517, 518, 519. The notice here given was drawn in view of these regulations, and the first objection alleged is that the commissioners refused to allow appellants for the road itself and part of the bridge constructed by the company prior to these proceedings. These works cost between seven and eight thousand dollars, and appellants contend that the company in making them on the land acted without authority and simply trespassed, and that the works became fixed and incorporated with the land and were required to be considered as part of it and in the appellants' ownership, for the purpose of estimating their damages. There is no basis in law or equity for this claim. It is not consistent with a fair interpretation of the stipulation for the creation of the commission, nor reconcilable with the actual attitude the parties bore to each other whilst the work was going on. The company did not act wantonly or oppressively. They had reasonable expectation of getting the right of way on private terms and without difficulty. But it is not intended to rest upon such considerations.

The proceeding is not an action by appellants to recover damages for past trespasses, nor an ejectment on their part to compel the company to restore possession, and as incidental thereto to forfeit erections constructed in their own wrong.

The nature of it is different. It is no part of its object to compel the company to sacrifice the cost of its works upon the land, either by enforced abandonment

on the one hand or enforced payment of the value to the land owners on the other. It is a proceeding by the company to secure in a lawful way the right to take and use the land, a right not previously obtained; and the only terms the law imposes in case the taking and use are sanctioned is the payment of such "damages or compensation as ought justly to be made." And certainly it would not be "just" to require the company in this proceeding to pay appellants for the identical works the company have constructed in order to carry out the specific use and purpose for which the land is required.

The right sought by the company is a right to burden the land with a particular servitude and one which necessarily includes the creation of these works upon the land and their retention there, and the inquisition required by the proceedings excludes the taking into the valuation these works themselves as fully as it excludes the taking into the valuation the cost or worth of the cars or other instrumentalities used there. The right of the company to have there all the requisite means to effectuate the use intended is one of the facts to be considered in ascertaining the amount to be allowed. But the abstract value of the things themselves is not a fact to be footed up as part of the allowance. It is a foreign question. See authorities cited by counsel for the company.

The admission of several pieces of evidence by the commissioners is complained of. The objections in the record are not of such character as to make it needful to inquire about what practice ought to be pursued by juries and commissioners in these particular cases or to consider the precise province of this court in regard to such when in the exercise of its mere appellate power under the Railroad Law. It is enough now to say that none of the objections to evidence which are reported seem to us to possess any solid merit, and we cannot perceive that any of the rulings relating thereto could have worked any injury to appellants.

A farther objection is that as a basis of valuation the commissioners assumed that the quantity of land in question was three acres and a half and no more, when in fact and according to the proof which was not disputed the quantity was 3 81-100 acres. Supposing the exact amount to be as stated, and the answer is that it does not appear that the damage was adjusted at last according to acreage. The report shows that the parcel was inspected by the commissioners and that they determined the entire damage for the entire parcel. They describe it and then add that it contains 3 50-100 acres. But there is nothing in this to warrant the assumption that the commissioners in arriving at their final determination concerning the amount to be awarded were led to an undervaluation through mistake respecting the exact number of rods in the parcel. There may be satisfactory ground for inference that after looking at the premises they cast about in their minds for some general criterion to assist their judgments in the process of seeking a result which would be satisfactory to them and which would embrace an entire amount justly allowable for the entire parcel then under their actual inspection; and that in this way and in order to reach a decisive end they called the parcel $3\frac{1}{2}$ acres. Admitting this and still the record neither expresses nor implies that the sum actually allowed was any less than the true worth according to their sense and judgment of the entire parcel. And we cannot decide on this record that any variation in quantity of only a few rods imposed upon the judgments of the commissioners and that they were only satisfied with the amount reported, upon the supposition that the quantity of land was actually $3\frac{1}{2}$ acres. Their report in no way indicates any such qualification. So far as the record affords light it is not apparent that the ascertainment of the proper sum was regulated in the commissioners' minds by any extreme nicety in regard to the number of rods or feet contained in the parcel.

39 MICH.—86.

The remaining objection is that the finding is neither in form nor substance what is required by § 2 of article xviii of the Constitution.

The objection cannot be supported. It is true the form is not very felicitous. Still it embodies in substance and complies with the sense of the constitutional provision referred to, and moreover is much less open to controversy than the language of the stipulation which dispensed with a jury and by agreement determined upon a submission to commissioners.

It is a finding which specifies the exact use and declares it to be public and necessary. No other construction can be fairly put upon it. If the meaning were doubtful or ambiguous other considerations would arise.

The objections to the report failing, the order of the circuit court should be affirmed with costs against the appellants.

The other Justices concurred.