## THE DENVER AND RIO GRANDE WESTERN RAILWAY COMPANY, RESPONDENT, v. CORNELIUS A. STANCLIFF, APPELLANT.

EMINENT DOMAIN—JUST COMPENSATION.—Respondent built its road over public unoccupied land of the United States, which land was afterwards patented to appellant; in a proceeding by respondent to condemn a right of way over the land in question, *held* that just compensation to appellant would be the value of the land taken exclusive of the improvements placed thereon by respondent.

PETITION for a rehearing. The opinion states the facts.

*Mr. S. H. Lewis*, for petitioner and appellant.

The general government is entitled to the possession of and all beneficial interest in the public lands, and its grantee takes the same, subject to no conditions, except such as are expressed in the grant. No title to the public lands will accrue to any person against the general government by prescription, adverse possession, or by estoppel in pais. *Union M. & M. Co.* v. *Ferris*, 2 Sawyer, 179; *Doran et al.* v. *C. P. R. R. Co.*, 24 Cal. 246; *Van Sickle* v. *Haynes*, 7 Nev. 252; *Collins* v. *Borllett*, 44 Cal. 382; *U. S.* v. *Land, etc.*, 47 Cal. 515; *Pennybeker* v. *McDougal, et al.*, 48 Cal. 160; *McKervan* v. *Hesse, et al.*, 51 Cal. 594; *Yosemite Case*, 15 Wal. 77.

Ties and rails are fixtures: *Farmers Co.* v. *Hendrickson*, 25 Barbour 488; *Van Kenren* v. *Cent. R. R. Co.*, N. J. Law 165; *Strickland* v. *Parker*, 54 Me. 263; *Nort. Cent. R. R.* v. *Canton*, 30 Md. 347; *Turner* v. *Comer N. L. R.*, 5 A P. 306.

The Railroad Co. was a trespasser on public land: 2 U. S. Statutes at Large, 455; *Van Sickles* v. *Haynes*, 7 Nev. 252.

The government has legislated generally four different times for the benefit of railroads, to-wit: in 1850, 1855, 1862, and in 1875: Brightley's Digest, Vol. 1, 812; Brightley's Digest, Vol. 2, 398; 18 Statutes at Large, 482.

The respondent did not avail itself of the first three acts, and did not of the last.

*Messrs. Bennett, Harkness* and *Kirkpatrick,* for respondent.

The question to be decided is this, Is the appellant the owner of the railway and railway improvements placed on the land by respondent, and entitled to have the value thereof included in the compensation to be paid in this proceeding: *Justice* v. *Nesquehoning Valley R'y Co.,* 87 Pa. St. 28, answers this question in the negative. To the same effect are: Meig's Appeal, 62 Pa. St. 28; *Daniels* v. *C. I. & N. R. Co.,* 41 Iowa 52; *Morgan's Appeal,* 39 Mich. 675; *Toledo R'y Co.* v. *Dunlap,* 47 Mich. 456; *Green* v. *First Div. St. P. & P. R. Co.* 26 Minn. 66; 22 Wis. 581; 42 Wis. 538: 28 N. J. Eq. 450; 24 N. J. L. 730; 1 Stock. 471; 2 Beav. 199; 31 N. J. Eq. 31; 41 Mo. 279; 60 Mo. 329; 33 Vt. 311; 39 Vt. 275; 60 Maine 329; 16 How. Pr. 571; 30 Md. 347; 57 Mo. 256; 18 Ohio St. 169.

Wherever the question has arisen it has been decided in the same way, except in California and Indiana. In California the decisions are conflicting, see 46 Cal. 85; 47 Cal. 515. The Indiana case is put on the ground of the peculiar provisions of the constitution of that state: 36 Ind. 463.

BOREMAN, J.:

The respondent built its road over and across a parcel of land belonging to the United States. The appellant afterwards entered the land and obtained the government title by patent for it. Thereafter, the respondent instituted proceedings for condemning so much of the land as it was using. The commissioners reported the value of the ground to be one hundred dollars without railway bed, railway or railway improvements, and eight hundred and forty-five dollars including the railway and railway improvements thereon. The court gave judgment for one hundred dollars damages, and appellant moved for new

trial, which being overruled, he appealed to this court from the order overruling the motion for new trial. Upon a hearing in this court the order of the court below was affirmed. Thereupon the appellant, at the January term, 1884, when neither of the present members of the court occupied the bench herein, filed his motion for a rehearing, which motion, never having been decided, has now been re-submitted to the court.

It is not a wise policy to grant a rehearing in any case except there be strong reasons therefor. In the case before us no new questions or special reasons are offered why a rehearing should be granted. The grounds of the motion are simply the grounds urged for a reversal of the judgment of the court below, as we view it.

But were we to reopen the case, when nothing appears to show that due consideration and weight were not given to the questions on the former hearing, we find the controlling question in the case to be whether, in estimating the damages or compensation to be allowed appellant, the court should have taken into consideration the railway and railway improvements placed upon the land by respondent while it yet remained unclaimed and unoccupied public land, and before appellant had any interest therein, or had obtained government title thereto. Appellant does not claim to have ever bought from the company or from the government the railway or improvements, except that they were fixed to the realty when he purchased the land of the government, and went with the land.

It is a general rule that when a person buys land, he buys whatever is fixed to the land as part of the realty. There are, however, some modifications or exceptions to the rule, and the case before us presents one such.

The railroad company, the respondent, is in possession of the railway and railway improvements which the appellant asks pay for. The respondent has never released the possession of or abandoned them, nor been ejected therefrom, but it has by the government and appellant been suffered to retain undisturbed possession of them. The appellant did not place the rails, ties or other improvements on the land, nor did he ever pay for them or have

possession of them. The respondent is seeking the land simply for the purpose of using upon it these and similar improvements. When they were placed upon the land, condemnation could not take place. Now when condemnation can take place, respondent seeks to compensate appellant and thus establish its right to a continued use of the land. Under the law the respondent has the right to take the land, paying therefor just compensation. The improvements are to that extent treated as public, and the case is different from that of a private individual putting upon land improvements for his individual use and for no public purpose. Under these circumstances it would be inequitable and unjust to compel respondent to pay for its own improvements. We think that such is the ruling in the great majority of the cases where the question has been raised: *Morgan's Appeal*, 39 Mich. 675; *Toledo R. Co.* v. *Dunlap*, 47 Mich. 486; 22 Wis. 581; 42 Wis. 538; 28 N. J. Eq. 450; 24 N. J. Law, 736; 31 N. J. Eq. 31.

The fact that respondent when it built the railway and railway improvements was a trespasser upon government land, is not material to the issue. The government could have ejected the company, but it did not do so. The company became a trespasser, not with a view of permanently holding the land without paying for it, but to hold it temporarily and until it could be condemned in manner provided by law. Because the company was then a trespasser, it does not follow that it should lose its railroad. It would then have no use for the ground, unless it bought back both the land and the railroad. The motion for a rehearing is denied.

ZANE, C. J., and POWERS, J., concurred.