E.  R.  CHASE,  APPELLANT,  *v.*  HARRY  JEMMETT
    AND OTHERS, RESPONDENTS.

EMINENT DOMAIN.—DAMAGES.—IMPROVEMENTS.—Where the trus-
   tees of a school district erected a school house upon land of
   which they did not know the owner, but believing that the
   owner would consent to such a use of it, and intending if
   such use were not permitted to acquire the land by the right
   of eminent domain, in proceedings to condemn the land, the
   owner is not entitled to damages for the improvements made
   by the trustees.

ID.—ID.—TRESPASS.—Where the entry upon land is a mere tres-
   pass, made with an improper motive, in a condemnation pro-
   ceeding the rule is that damages may be recovered for any
   improvements made by such trespasser, but the rule is other-
   wise as to a technical trespasser who is not actuated by an
   improper and fraudulent motive.

APPEAL from a judgment of the district court of the
third district and from an order refusing a new trial. The
opinion states the facts.

*Messrs. Evans and Rogers,* for the appellant.

Appellant was entitled to the value of the school house.
*The United States* v. *Land in Monterey Co.,* 47 Cal. 515;
*Graham* v. *R. R. Co.,* 36 Ind. 463, s. c. 10 Am. Rep.
56; *Searl* v. *School District,* 133 U. S. 553; *Hendry* v.
*R. R. Co.* (Tex.), 24 Am. and Enq. R. R. cases, 286;
*Harris* v. *Marblehead,* 76 Mass. 40; *Crasby* v. *Dracut,*
109 Mass. 206; *Meriam* v. *Brown,* 128 Mass. 391;
*Price* v. *Ferry Co.,* 31 N. J. Equity, 31; *Emerson* v.
*Western, etc., R. R. Co.,* 75 Ill. 176; *Kimball* v.
*Adams,* 52 Wis. 554, and cases there cited.

*Messrs. Kimball and Allison,* for the repondents.

Cited: *Railway Co.* v. *Stancliff,* 4 Utah, 117; *Justice* v. *Ry. Co.,* 87 Pa. St. 28; *Meigs' Appeal,* 62 Pa. St. 28; *Daniels* v. *Railway Co.,* 41 Iowa, 52; *Morgan's Appeal,* 39 Mich. 675; *Railway Co.* v. *Dunlap,* 47 Mich. 456; *Green* v. *Railway Co.,* 26 Minn. 66; *Kennedy* v. *R. R. Co.,* 22 Wis. 581; *Lyon* v. *R. R. Co.,* 42 Wis. 538; *Railroad Co.* v. *Boraem,* 28 N. J. Eq. 450; *Goodin* v. *Canal Co.,* 18 Ohio St. 169; *Daws* v. *Congdon,* 16 How. Pr. 571; *Railroad Co.* v. *Armstrong,* 46 Cal. 86; *Jones* v. *R. R. Co.,* 70 Ala. 227; *Aspinwall* v. *R. R. Co.,* 41 Wis. 474; 6 Am. and Eng. Encyc. of Law, 567.

ZANE, C. J.:

The plaintiff brought this suit to recover 80 acres of land in Box Elder county, and the value of its use during defendants' possession. The defendants filed an answer denying the allegations of the complaint, and a cross complaint for the condemnation of a part of the land for school purposes. It appears from the evidence in the record that the trustees of the district erected a school house on the land in 1881; that the district has occupied it as a school house ever since, and that its use by the public is necessary; that the United States issued a patent for the land to the Central Pacific Railroad Company in 1884; that the company conveyed it to the plaintiff in 1886; that there has not at any time been any other occupation of the land or the school house; and that the trustees did not know who owned the land at the time they erected the school house upon it. The issues were submitted to a jury, who found that the plaintiff was entitled to recover the possession of the land, and $66.80, the value of its use. The jury also found for the plaintiff on the cross complaint, and awarded compensation to him to the value of the land taken, and damages to that not taken, without taking into consideration the value of the school house. The

court overruled a motion by plaintiff for a new trial, and entered judgment on the verdict, to which the plaintiff excepted. The plaintiff claims that the defendants committed a trespass in erecting the house upon the ground, and that it became a part of the realty, and vested in the owner of the land, and passed with it to the railroad company by the patent, and to the plaintiff by the deed of the company to him. The only question for special consideration in this opinion is, was the charge of the court to the jury, not to take into consideration the value of the school house in assessing damages to the plaintiff, erroneous. In making their verdict the jurors took into consideration the value of the land taken, and the damage to that not taken; also the value of the use of the land to the time of the trial. But it is claimed that the law gave the owner of the land the building because the defendants committed a trespass in building it. If the entry upon the land is a naked trespass, and from an improper motive, the general rule in a proceeding to condemn is that buildings permanently attached to it become the property of its owner. This rests upon the principle that an individual committing a naked trespass can acquire no right by his tortious acts, and also upon the presumption that a person who erects a building on land that he knows to be another's, and without any color of right, or reasonable expectation of its lawful acquisition, intends it to become the property of the owner of the land. In this case the trustees were acting for the public, and we cannot infer that they intended to erect a building for the United States, which appears to have been the owner of the land; nor do we feel authorized to say that they were actuated by a fraudulent or other improper motive, or that they intended to wrong the owner of the land; in fact, they did not know who was the owner. We may assume that the trustees believed that the owner, when ascertained, would consent to such

use of it, or that the title could be obtained by gift, purchase, or condemnation. While the title remained in the United States, the law furnished no process by which it could be acquired and appropriated for such a purpose; yet the trustees might reasonably believe that the government would consent to such use of it, and that its grantee, whoever he might be, would either permit such occupancy or grant the same for a reasonable consideration, or, if not, that the right might be acquired in pursuance of the law of eminent domain. To require the district to pay the plaintiff for the house it erected would, in effect, compensate him for the land taken and all damages to the land not taken, and in addition gave him a house that cost the district $800. This, we think, would be giving more than a just compensation, and would be inequitable. We hold that the charge of the court was not erroneous. *Justice* v. *Railroad Co.*, 87 Pa. St. 28; *Railway Co.* v. *Dunlap*, 47 Mich. 457, 11 N. W. Rep. 271; *Russel* v. *Bank*, 39 Mich. 675; *Meigs' Appeal*, 62 Pa. St. 28; *Daniels* v. *Railroad Co.*, 41 Iowa, 52. In the case of *Railway Co.* v. *Stancliff*, 4 Utah, 117, 7 Pac. Rep. 530, it appeared that the railway company built its road across a tract of land owned by the United States. Stancliff, the defendant, afterwards obtained a patent for it, and the company instituted proceedings to condemn. The court said: "The company became a trespasser, not with a view of permanently holding the land without paying for it, but to hold it temporarily, and until it could be condemned in manner provided by law. Because the company was then a trespasser, it does not follow it should lose its railroad."

Appellant relies upon *Searl* v. *School Dist.*, 133 U. S. 553, 10 Supt. Ct. Rep. 374. The defendant in that case wished to obtain land to erect a school house upon. The person in possession claimed what is known as a "squatter title." Another person claimed under a placer patent.

Both claims were known to the school authorities, and were submitted by them in good faith to reputable counsel for advice, who advised them that the title was in the former. Relying upon his advice, they purchased of the person in possession, and erected a costly school building upon it. The title proved to be in the owner of the patent, and the defendant proceeded to have the land condemned under the law of eminent domain. The jury, under the instructions of the court, excluded the value of the building in assessing damages. Among other things, the court said: "But if the entry upon land is a naked trespass, buildings permanently attached to the soil became the property of the latter. The circuit court was not dealing with an action of ejectment or trespass, but simply with a proceeding in the exercise of the right of eminent domain. That right is the offspring of political necessity, and is inseparable from sovereignty, unless denied to it by its fundamental law. It cannot be exercised, except upon condition that just compensation shall be made to the owner, and it is the duty of the state, in the conduct of the inquest by which the compensation is ascertained, to see that it is just, not merely to the individual whose property is taken, but to the public, which is to pay for it. * * * The occupancy here was in no respect for a private purpose or pecuniary gain, but strictly and wholly for the public use. There could be no presumption that this public agent intended to confer public property upon a private individual, nor were the circumstances such as to impart the character of willful trespass to the entry by the district, or to impose liability to the forfeiture of improvements made in discharge of its public duty. * * * The sole question is whether the circuit court erred in holding that the defendant could not be allowed for the improvements. We think that in this there was no error. In our judgment, the technical rule of law invoked to sustain the defendant's contention that he owned the

school house was inapplicable, and the value of the improvements could not justly be included in the compensation." This opinion sanctions the principle that, if the authorities of the state, municipality, or other corporation, having the right to acquire the use of land for the public under the law of eminent domain, enter in good faith, when such use is necessary, under a reasonable belief that they have the right, and make valuable improvements necessary to such use, their value should not be taken into consideration in awarding compensation to the owner of the land in condemnation proceedings afterwards instituted. The reasoning of this opinion appears to support the further rule, sanctioned by the cases cited above, that if such authorities make such entry and improvements without objection, in the expectation that the owner will permit the use, and with the intention, in case of refusal, of acquiring the right by purchase or condemnation, just compensation will not include the value of such improvements. The facts of the case in hand bring it within the latter rule, and its application to them authorizes the conclusion reached by us in this opinion. We are aware that cases cited are at variance with this principle, but we think that the better authority, as well as reason, supports it. The judgment of the court below is affirmed.

ANDERSON, J., and BLACKBURN, J., concurred.