370 So.2d 235 (1979)
Howard E. BERRY
v.
UNITED GAS PIPE LINE COMPANY.
No. 51027.
Supreme Court of Mississippi.
April 11, 1979.
Rehearing Denied May 16, 1979.
*236 Eubanks, Temple & Hudson, Michael R. Eubanks, Purvis, for appellant.
Brunini, Grantham, Grower & Hewes, Newt P. Harrison, Leslie H. Southwick, Jackson, for appellee.
Before SMITH, P.J., and SUGG and COFER, JJ.
SUGG, Justice, for the Court:
United Gas Pipe Line Company filed a petition to condemn an easement for the purpose of constructing a pipeline across three contiguous parcels of land. Howard E. Berry owned an undivided interest in each parcel, but did not own the same interest in each parcel. Before filing its petition to condemn Berry's undivided interest, United acquired an easement from Berry's cotenants and constructed a pipeline on the easement without acquiring an easement from Berry.
A final judgment was entered in which the parties agreed that Berry was damaged $1,600, by the acquisition of an easement across his property for public use. The final judgment reserved to Berry, by agreement of the parties, the right to bring appropriate actions on the issues reserved to Berry.
The principal issue is whether the value of United's pipeline, placed on Berry's land before institution of the eminent domain proceedings, should be considered in assessing Berry's damages under the "before and after rule." The general rule, that a trespasser who builds on another's land dedicates his structure to the owner, does not apply against an entity having the power of eminent domain which enters as a trespasser and makes improvements for the public purpose for which it was created and given such power. This rule was adopted in Mississippi and the reason for the rule was first stated in L., N.O. and T.R.R Co. v. Dickson, 63 Miss. 380 (1885). In that case a railroad company entered land as a trespasser and constructed its railroad upon land over which it had not acquired an easement. We held:
The railroad company was a trespasser in constructing its road upon land over which it had not acquired the right of way, but it still had the right to acquire the right of way unaffected by the liability incurred for its trespass. The trespass committed is not involved in the determination of the due compensation. The continuing right of the company to secure the right of way, in accordance with its charter, and the nature of its entry on the land and annexing chattels to the soil distinguish the case from that of a trespasser who affixes chattels to the free-hold, and the rule of the common law, established when railroads were unknown, is not applicable. Answerability by the company for its trespass in the appropriate action, and "due compensation" in the proceedings for condemnation of the right of way, constitute the full measure of the right of the landowner. (63 Miss. at 385).
See also Illinois Central Railroad Co. v. Hoskins, 80 Miss. 730, 32 So. 150 (1902) and Illinois Central Railroad Co. v. LeBlanc, 74 Miss. 650, 21 So. 760 (1897).
*237 In Railroad Co. v. Hoskins, after acknowledging the common law rule that a trespasser who builds on another's land dedicates his structures to the owner, this Court did not apply the common law rule to an entity possessing the power of eminent domain, reasoning as follows:
"... This case is not the case of a mere trespass by one having no authority to enter, but of one representing the state herself, clothed with the power of eminent domain, having a right to enter, and to place these materials on the land taken for a public use  materials essential to the very purpose which the state has declared in the grant of the charter. It is true, the entry was a trespass by reason of the omission to do an act required for the security of the citizen, to wit: to make compensation or give security for it. For this injury the citizen is entitled to redress. But his redress cannot extend beyond his injury. It cannot extend to the taking of the personal chattels of the railroad company. They are not his, and cannot increase his remedy. The injury was to what the landholder had himself, not to what he had not. Then why should the materials laid down for the benefit of the public be treated as dedicated to him? In the case of a common trespasser the owner of the land may take and keep his structures nolens volens, but not so in this case; for, though the original entry was a trespass, it is well settled that the company can proceed in due course of law to appropriate the land, and consequently to reclaim and avail itself of the structures laid thereon. Another evident difference between a mere tort feasor and a railroad company is this: the former necessarily attaches his structures to the freehold, for he has no less estate in himself; but the latter can take an easement only, and the structures attached are subservient to the purpose of the easement. A railroad company can take no freehold title, and when its proper use of the easement ceases, the franchise is at an end. There is no intention in fact to attach the structure to the freehold. We have, therefore, these salient features to characterize the case before us, to wit: The right to enter on the land under authority of law to build a railroad for public use; the acquisition thereby of a mere easement in the land; the entire absence of an intention to dedicate the chattels entering into its construction to the use of the land; the necessity for their use in the execution of the public purposes; and, lastly, the power to retain and possess these chattels and the structures they compose by a valid proceeding at law, notwithstanding the original illegality of the entry. There are some analogies bearing remotely on the question before us, showing that property is not gained by the owner of the land because found upon it, ... etc." (80 Miss. at 738, 739, 740, 32 So. at 151).
In the case before the Court, United has the power of eminent domain, and although it was a trespasser on Berry's land when it constructed its pipeline, Berry is not entitled to have the value of the pipeline added to the value of the easement in determining his damages for taking his property by eminent domain. However, Berry is entitled to maintain a separate suit for trespass against United which right was reserved to him in the final judgment. Berry's damages for taking his property for public use in the condemnation proceedings, and his damages for the trespass by United in another action constitute the full measure of the right of Berry.
Berry also argues that the court erred in refusing to permit him to show that the method of construction of the pipeline would damage a non-producing gas well located less than 250 feet from the center line of the easement condemned.
The only issue for a jury in an eminent domain proceeding is to determine the amount the owner "will be damaged by the acquisition of his property for the public use... ." Section 11-27-23 Mississippi Code Annotated (1972). If damage to other property of the owner occurs in the construction on the property taken for public use, such damage is the subject matter of a *238 separate lawsuit. The final judgment reserved this right to Berry. The court properly declined to hear evidence about damage to the abandoned gas well which could be caused by the construction of the pipeline.
Berry also contends that the trial court erred when it refused to require United to file three separate petitions to condemn the easement. He bases his argument on Section 11-27-13 Mississippi Code Annotated (1972) which provides:
Each different property, identified by separate ownership, shall constitute a separate cause of action and require a separate trial, unless otherwise agreed by all parties with the approval of the court.
The easement condemned embraced three contiguous parcels of land. Berry owned an undivided interest in each parcel in varying degrees; namely, one-fourth in one, one-eighth in another, and one-half in the remaining parcel. He then argues that three different properties, identified by separate ownerships, were involved requiring three separate actions.
We do not reach the question because Berry and United agreed on the damages for taking the easement, thereby causing the question to become moot.
Berry assigns other errors which have been considered, but we find no merit in them.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.