KING, P.J.,
for the Court:
¶ 1. Checkers Drive-In Restaurants, Inc. (Checkers) perfected this appeal from an order denying its motion for relief from judgment under Rule 60 M.R.C.P. by the County Court of Harrison County. Checkers raises the following issues taken verbatim from appellants brief: 1) the lower court erred in not granting a new trial so that a jury in this eminent domain case could have the opportunity to value all of the property of appellant Checkers which was actually taken by appellee, the Transportation Commission, after the judgment was rendered and 2) the lower court erred when it ruled that the court did not have jurisdiction to order a new trial under the provisions of Rule 60, Mississippi Rules of Civil Procedure, since the actual taking by appellee occurred more than 10 days after the judgment, thus making a motion for a new trial under Rule 59 impossible.
¶ 2. Finding no error, this Court affirms.
STATEMENT OF THE CASE AND FACTS:
¶ 3. The Mississippi Transportation Commission on August 27, 1997, filed its “Complaint for Special Court of Eminent Domain” with the Harrison County Court, seeking to condemn a portion of property which bordered U.S. Highway 49 and was owned by Checkers. Subsequent to its initial complaint, the Commission filed a motion to amend the complaint to increase the property proposed for condemnation to now include the building and the right of entry and exit on the remainder of the property. The court granted the Commission’s motion.
¶ 4. Because the parking lot was not to be taken, the Commission filed a motion in *1240 limine to restrict evidence concerning the value of Checkers’s parking lot. On June 1, 1998, the trial court ordered that no evidence of the parking lot value would be allowed because the parking lot had other commercial purposes and was not subject to condemnation. The case proceeded to trial on June 4, 1998, and the jury valued the property to be taken at $175,000. This amount was awarded to Checkers.
¶ 5. In early August 1998, the Commission began demolition of the Checkers property. William Stamps, Jr. was the contractor employed for this work. According to Neil Hall, the Commission’s chief of right of way clearance, and Judith Singletary, environmental co-ordinator for clearance, Stamps was instructed to clear only the property within the right of way. Instead the entire Checkers lot was cleared. The building, landscaping and all of the parking lot paving were removed. Stamps testified that a mis-communication occurred between him and his crew regarding the extent of the clearance.
¶ 6. On October 21, 1998, Checkers filed a motion for relief from judgment The trial court conducted a hearing on this matter on December 17, 1998, and denied Checkers’s motion on December 22, 1998. This appeal followed.
ANALYSIS AND DISCUSSION OF THE LAW
I.
The Lower Court erred in not granting a new trial so that a Jury in this eminent domain case could have the opportunity to value all of the property of Appellant Checkers which was actually taken by Appellee The Transportation Commission after the Judgment was rendered.
¶ 7. Checkers contends that the parking lot paving and landscaping which were destroyed amount to a taking without compensation by the Commission. Checkers argues that a new trial is necessary to determine the value of the property initially taken along with the remaining property which was damaged after the eminent domain proceeding. Checkers relies on the Mississippi Constitution of 1890, Section 17, which requires that due compensation be paid to an individual when private property is taken for public use. In the present case, the Commission condemned a portion of the Checkers property to improve a section of U.S. Highway 49. Checkers was compensated for this taking. In the process of making the improvements, the contractor removed the paving from the entire property instead of clearing only the portion condemned.
¶ 8. Actual injury to the remaining property was not caused by the Commission, but rather occurred as a result of the negligence of the contractor. It was not foreseeable that the paving and shrubbery on the property, not subject to eminent domain proceedings, would be removed. The eminent domain court specifically excluded the parking lot paving and landscaping from the property to be valued. Checkers received $175,000, which was determined by a jury as full and just compensation for the portion of the property condemned by the Commission. “If damage to other property of the owner occurs in the construction on the property taken for public use, such damage is the subject matter of a separate lawsuit.” Berry v. United Gas Pipe Line Co., 370 So.2d 235, 237-38 (Miss.1979). Checkers’s remedy is an action for the damage to the remaining property rather than reopening the eminent domain proceeding.
¶ 9. This issue is without merit.
II.
The lower court erred when it ruled that the court did not have jurisdiction to order a new trial under the provisions of Rule 60, Mississippi Rules Civil Procedure, since the actual taking by Appel-lee occurred more than ten days after the Judgment, thus making a motion for a new trial under Rule 59 impossible.
¶ 10. The court of eminent domain is a creature of statute which exists *1241 for a limited time and a limited purpose. Once that purpose has ended, the eminent domain court ceases to exist. Rule 82, Mississippi Rules of Civil Procedure, specifically states: “These rules shall not be construed to extend or limit the jurisdiction of the courts of Mississippi.” Once the term of a special court has ended then the court does not have jurisdiction to hear and determine a motion for a new trial. State Highway Commission v. First Methodist Church of Biloxi, 323 So.2d 92, 95 (Miss.1975).
¶ 11. “Rule 60(b) motions should be denied when they are merely an attempt to relitigate the case.” Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss.1984). Checkers’s request for a new trial to consider the value of the property as a whole is an attempt to relitigate its previous claim against the Commission. The jury, in the original proceeding, considered the evidence and determined an appropriate compensation for the property. Checkers received that compensation prior to the beginning of construction by the Commission. A new trial to provide a new valuation of the total property was not appropriate.
¶ 12. Checkers is not without recourse to seek compensation for damage done to the remaining property. However, a Rule 60(b) motion for new trial is not the appropriate method.
¶ 13. For the foregoing reasons, this issue is without merit.
CONCLUSION
¶ 14. The term of the court of eminent domain having expired, the county court was without jurisdiction to order a new trial. The order denying a motion for new trial is affirmed.
¶ 15. THE ORDER DENYING A MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60 OF THE SPECIAL COURT OF EMINENT DOMAIN FIRST JUDICIAL DISTRICT HARRISON COUNTY IS AFFIRMED. APPELLANTS ARE TAXED WITH ALL COSTS OF THIS APPEAL.
McMILLIN, C.J., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ„ CONCUR. SOUTHWICK, P.J., CONCURS IN RESULT ONLY.