Filed Jan. 15, 1891.

---

No. 14,481.

### The Chicago, St. Louis and Pittsburgh Railroad Company v. The Cincinnati, Wabash and Michigan Railway Company.

Railroad.—*Right of Way.*—*Senior and Junior Railroad Companies.*—*Injunction.*—Where a railroad company entered into a written agreement with another company whereby the latter acquired the right, upon certain considerations named, to construct its railroad across and over the ground and across the main and side-tracks of the senior company at

Marion, Indiana, and after making such agreement, the senior company permitted the junior company to locate its right of way and construct its track over a strip of ground owned by the senior company, but which had not been acquired for, or devoted to, a public use by said company, the latter could not thereafter, even though the compensation for the ground in dispute was not included in the agreement, enjoin the junior company from constructing a side-track on said strip of ground within the limits of its right of way, it not appearing that the side-track would in any way directly or indirectly affect the operation of trains over the senior company's road, or that it would necessarily obstruct any approach to the depot, or other grounds of the senior company, and used in the transaction of its business. For a discussion of the rights of senior and junior railroad companies, as to right of way, use of tracks, sidings, switches, etc., see opinion.

From the Grant Circuit Court.

*N. O. Ross, G. E. Ross, W. Carroll* and *H. Brownlee,* for appellant.

*C. E. Cowgill, C. Cowgill, H. B. Shively* and *H. C. Pettit,* for appellee.

PER CURIAM.—This opinion, in which we all concur, was prepared for the court by the late Judge MITCHELL, and expresses the views and judgment of the court.

The appellant railway company is the owner of a small triangular shaped tract of ground, which lies south of its right of way in the city of Marion, in Grant county. The purpose for which the ground was purchased or acquired does not appear. The tract in question was cut off from a larger tract by the location of a public highway, or the dedication of a public way over the tract, after which the larger tract was fenced and called the "Park." The small piece severed from the other, as above, was left unfenced, and, so far as appears, was never devoted to any use by the company. In 1875 the Cincinnati, Wabash and Michigan Railway Company, or its predecessor, through whom it claims, located its right of way, running in a northerly and southerly direction, through the city of Marion, and over the strip of ground above described. The right of way

## NOVEMBER TERM, 1890.    515

Chicago, St. Louis, etc., R. R. Co. v. Cincinnati, Wabash, etc., R'y Co.

through the city, and as located over the ground in question, was fifty feet wide. Before constructing its road the two corporations entered into a written agreement, whereby the junior company acquired the right, upon certain considerations named, to construct its railroad across and over the ground, and across the main and side-tracks of the appellant company at Marion, Indiana. In pursuance of this agreement the junior company constructed its road, consisting of a single track, over the ground in dispute, and also over the right of way and tracks of the appellant company, which extended in an easterly and westerly direction. After constructing its road there remained a strip of twenty-five feet, lying on the east side of the center of the track, within the area of the right of way of the junior company, which remained substantially unoccupied until during the year 1888, when the junior company, beginning 107 feet south of the track of the appellant company, commenced to lay a side-track within the limits of its location, over the piece of ground in dispute. Thereupon the appellant company instituted this proceeding to enjoin the laying of the side-track, on the ground that its construction would result injuriously to its interests, by obstructing the highway laid with its consent over its grounds, and that in various other ways it would be detrimental to its convenience.

It should be made distinct in the outset, that there is nothing in the record to show that the ground in dispute was either acquired or used by the appellant company as any part of its depot grounds, or right of way, or that it was in any way presently or prospectively connected with any public use. Nor does it appear from any facts pleaded or found that the side-track, the building of which is sought to be restrained, in any way, directly or indirectly, affects the operation of trains on the appellant's road, or that it will necessarily obstruct any approach to the depot or other grounds of the appellant, used in the transaction of its business.

An agreement by which one railroad company acquires

the right to cross its track over the right of way and track of another company, on the grounds of the latter, would not authorize the junior company, in the absence of express stipulation, to lay side-tracks, turnouts or switches on the right of way, or other grounds which the senior company had acquired for use in the discharge of its public duties.

A senior company may be required to afford a junior railroad facilities, on its own grounds, for such turnouts, sidings, switches, and other conveniences as will render safe and further the objects of the crossing and connections, and facilitate the business between the two companies, but this must either be done by mutual agreement between the two corporations, or in case they are unable to agree, then by the determination of commissioners to be appointed as the law provides.    Section 3903, sub. 6, R. S. 1881.

Merely locating its right of way over the line of an existing railroad, and filing an act or instrument of appropriation, gives the junior railroad company no right to or interest in the right of way or other real estate acquired for or devoted to a public use, by the senior company.    Such rights can only be acquired in pursuance of a mutual agreement, or by the action of commissioners.

In respect to other lands held by a railroad company, an act of appropriation, and an entry upon it by a new railroad company, is attended by precisely the same consequences as is an entry upon and similar use of land owned by an individual.    The land in dispute not having been acquired for, or devoted to, a public use by the senior railroad company, the corporation is affected by the location and construction of its road by the new company precisely as an individual would be under like circumstances.

After locating its right of way fifty feet in width over the land in dispute, the new company entered upon it and constructed its track, and operated its road with the consent of the appellant.    It is therefore immaterial whether or not the agreement between the two companies provided for compen-

sation to the appellant for the ground in dispute. Having consented to the location, construction and operation of a railroad upon a right of way of the designated width over real estate held by it in the manner described, it can not, after this lapse of time, maintain a suit for injunction, even though the compensation for the ground in dispute was not included in the agreement. *Louisville, etc., R. W. Co.* v. *Beck,* 119 Ind. 124, and cases cited.

What has been said covers the merits of the controversy, and leads to the conclusion that there was no error in the rulings of the court below of which complaint is made.

Judgment affirmed, with costs.

