The Midland Railway Company *et al. v.* Smith.

Filed Jan. 28, 1888.

No. 13,063.

## THE MIDLAND RAILWAY COMPANY ET AL. *v.* SMITH.

RAILROAD.— *Wrongful Entry Upon Land.—Injunction.—Application for Must be Seasonable.*—Where a railroad company enters upon land without the consent of the owner, or by the exercise of the power of eminent domain, such entry is wrongful and may be enjoined, if application be seasonably made.

SAME.— *When Injunction Will not Lie.—Remedy.*—One who consents to the use of his land by a railroad company for a right of way, and, as a sub-contractor, grades and constructs the line across his land, and subsequently acquiesces for many years in the claim of the corporation, can not maintain a suit for injunctive relief, his proper remedy being an action for compensation.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis,* for appellants.

*R. R. Stephenson* and *W. R. Fertig,* for appellee.

MITCHELL, C. J.—This suit was commenced by Samuel M. Smith to enjoin the appellant, the Midland Railway Company, and the other defendants, who are alleged to be the managers and contractors engaged in constructing the appellant company's line of railway, from continuing the work of constructing the railroad over the plaintiff's lands until due compensation shall have been made for the land so to be taken and occupied.

The complaint alleged that the railway company, through its managers and contractors, had unlawfully entered upon the plaintiff's lands, and that they were engaged in digging and excavating the soil thereof, and grading a road-bed thereon, and throwing down the fences and exposing his fields and crops to trespassing animals. The plaintiff charged that the railway company and the other defendants had been, and were, engaged in the above mentioned acts, without having in any manner acquired the right to enter upon his lands for the purpose of constructing a railway thereon, and without having made or tendered compensation for the land, and without having in any manner obtained his consent so to do, and that he would be damaged, etc.

The appellant railway company contends that the facts put forward in the complaint are not sufficient to bring the case within the principles which govern when the jurisdiction of a court of equity is invoked to grant the extraordinary remedy prayed for in the present case. In this we do not concur. The inference to be drawn from the complaint is, that the railway company had recently, before the beginning of the suit, entered upon the plaintiff's land without his consent, and was then engaged in constructing its road, digging up the soil, etc.

The general rule, as stated by a recent text-writer is, that "a corporation having the right to take lands in the exercise of the power of eminent domain, if it enters upon them without making just compensation to the owner, a court of equity will intervene for the protection of the owner until

just compensation is made, if he applies seasonably." 2 Wood Railway Law, 794.

Where a railroad, or other corporation entitled to exercise like powers, enters upon land without either the consent of the owner, or by the exercise of the right of eminent domain, such entry is wrongful and may be enjoined. This is the accepted rule of decision in this State. *Pittsburgh, etc., R. W. Co.* v. *Swinney,* 97 Ind. 586, 594; *Lake Erie, etc., R. W. Co.* v. *Kinsey,* 87 Ind. 514; *Chicago, etc., R. W. Co.* v. *Jones,* 103 Ind. 386, and cases cited. There was no error in overruling the demurrer to the complaint.

The court sustained a demurrer to the third paragraph of the railway company's answer, and this ruling presents what we regard as the only other question necessary to be considered in the case. The material averments in this paragraph of answer are, in substance, that, in the year 1873, and for several years subsequent thereto, the Anderson, Lebanon and St. Louis Railroad Company was engaged in constructing a railroad from Anderson, in Madison county, through Noblesville to Lebanon, in Boone county, Indiana, the above named company being then the owner of all the property and rights to which the defendant, the Midland Company, has since succeeded. It is averred in the answer that so much of the line as lies between Noblesville, in Hamilton county, and Anderson, in Madison county, was graded and put in operation in the years 1874 and 1875, and that the plaintiff himself, as a subcontractor, graded and constructed that part of the line which crosses the lands mentioned in the complaint, the taking and subversion of which are now alleged to have been wrongful and unlawful, and without the plaintiff's consent.

It is averred in the answer that the predecessor of the defendant the Midland Company entered upon and took possession of the right of way across the plaintiff's lands in 1874 without objection, and that it graded its line across his lands with his consent, expending thereon large sums of

money, and that the plaintiff has ever since, and until the commencement of this suit, recognized and treated the right of way so graded and constructed as the property of the railway company. It further appears, from averments contained in the answer, that the appellant, the Midland Railway Company, succeeded, as a purchaser for value at a foreclosure sale, to the rights and franchises of the Anderson, Lebanon, etc., Railroad Company, and that it had no notice whatever that the plaintiff questioned the right of the corporation to occupy his land with its railway tracks and right of way, or that he made any claim whatever for compensation.

As has been seen, relief by injunction will only be granted when application therefor is seasonably made. A land-owner who "stands by" and acquiesces until a railroad corporation has expended its money and constructed its track across his land, so that the track at that point becomes part of its line, will not thereafter be entitled to invoke the aid of a court of equity in arresting an enterprise in which the public, as well as the railroad company, has an interest.

Upon considerations of public policy, as well as upon recognized principles of justice, courts of equity will refuse to interfere after a railroad corporation has entered upon land with the consent or by the license of the owner, and has expended money in the construction of its road upon the strength of such license or consent, or where the land-owner has acquiesced in the use of his land by the railroad company until the public interest or convenience becomes involved. *Campbell* v. *Indianapolis, etc., R. R. Co.*, 110 Ind. 490, and cases cited; *Chicago, etc., R. W. Co.* v. *Jones, supra;* *Buchanan* v. *Logansport, etc., R. W. Co.*, 71 Ind. 265; 2 Rorer Railroads, 741, 750-51; 2 Wood Railway Law, 794.

Concerning the case of *Cox* v. *Louisville, etc., R. R. Co.*, 48 Ind. 178, which is sometimes relied on as sustaining a contrary doctrine, this court said in the recent case of *City of Logansport* v. *Uhl*, 99 Ind. 531, that no question was made

upon the delay in bringing suit or upon the acquiescence of the plaintiff.

With the admitted averments that the plaintiff below not only consented that his land might be occupied by the railway company for a right of way, but that he actually constructed the track on his land as a subcontractor with the railway company, and that he acquiesced for more than ten years in the claim of the original company, until its rights were sold to a purchaser without notice, there remains nothing to justify the interference of a court of equity.

Whatever right the land-owner may have, if the matters brought forward in the answer be true, must be sought in the direction of obtaining compensation for his land.

The judgment is reversed, with costs, with directions to the court to overrule the demurrer to the third paragraph of answer.

Filed Jan. 27, 1888.