The Louisville, New Albany and Chicago Railway Co. *v.* Soltweddle.

| 116 | 257 |
|-----|-----|
| 117 | 469 |
| 119 | 124 |

| 116 | 257 |
|-----|-----|
| 124 | 582 |
| 125 | 416 |

| 116 | 257 |
|-----|-----|
| 130 | 104 |

| 116 | 257 |
|-----|-----|
| 135 | 97 |
| 135 | 350 |
| 136 | 593 |

No. 13,037.

## The Louisville, New Albany and Chicago Railway Company *v.* Soltweddle.

Railroad.—*Street.*—*Ejectment.*—*Acquiescence.*—*Estoppel.* — *Damages.* — One who stands by and acquiesces in the construction of a railroad track across a street upon which his property abuts, and makes no objection until after the track becomes part of a completed railroad line and the interests of the public have attached, can not maintain ejectment, his remedy being a proceeding for damages.

From the Lake Circuit Court.

*G. W. Easley, G. R. Eldridge, S. O. Bayless* and *W. H. Russell,* for appellant.

Mitchell, J.—Soltweddle sued the railway company in ejectment to recover possession of real estate, and also to recover damages for injuries occasioned by the construction and operation of the company's railroad over the plaintiff's land. The action was commenced on the 27th day of March, 1885, and such proceedings were had as that, on the 25th day of May, 1885, judgment was rendered in the Lake Circuit Court in favor of the plaintiff. The court made an order directing that a writ issue to the sheriff of Lake county, commanding him to put the railway company out, and put the plaintiff into possession of the land described in the complaint. It was further ordered and adjudged that the defendant pay the plaintiff one hundred and seventy-five dollars as damages.

The question is presented whether or not under the pleadings and evidence the judgment can be maintained. We are not favored with a brief or other argument on appellee's behalf. Recent decisions of this court settle the question conclusively in the negative.

It appeared in evidence that, at the time the action was commenced, the plaintiff was the owner of lot number 33, in one of the additions to the city of Hammond, in Lake county, and that the front of his lot abutted on Fayette street. In December, 1883, the railroad company, whether with or without the consent of the municipal authorities does not appear, constructed its road in such a manner as that its line ran diagonally across Fayette street, in front of the northeast corner of the plaintiff's lot.

The purpose of the action was to eject the railroad company from and to recover possession of so much of the street occupied by the company's track as lay in front of the plaintiff's lot, and to recover damages for the obstruction of the street, and for injury to the plaintiff's property occasioned by the construction and operation of the road. There was no dispute but that the road had been fully completed and put into operation more than a year before the suit was commenced.

It did not appear that the plaintiff took any steps to prevent the location or construction of the road in front of his lot, or that he was not fully apprised that it was being constructed. Having, so far as appears, stood by and acquiesced while the work of construction was in progress, and until the interest and convenience of the public became involved, he is in no position now to arrest the operation of the road by evicting the railroad company from a part of its line. The law plainly is, that a land-owner who surrenders possession of his land to a railroad company without prepayment, and by express or implied acquiescence induces the company to expend money in constructing and equipping its road, can not afterwards maintain ejectment and recover his land.

·This subject has been so fully considered in recent decisions of this court that further consideration of it here is unnecessary. *Midland R. W. Co.* v. *Smith*, 113 Ind. 233; *Cincinnati, etc., R. R. Co.* v. *Clifford*, 113 Ind. 460; *Indiana, etc., R. W. Co.* v. *Allen*, 113 Ind. 581; *Evansville, etc., R. R.*

*Co.* v. *Nye*, 113 Ind. 223 ; *Bravard* v. *Cincinnati, etc., R. R. Co.*, 115 Ind. 1 ; *Sherlock* v. *Louisville, etc., R. W. Co.*, 115 Ind. 22.

The foregoing authorities make it clear that the plaintiff is now confined to the recovery, by the appropriate method, of such compensation and damages as he may be entitled to on account of the location and construction of the road.

The judgment is reversed, with costs, with directions to the court below to sustain the appellant's motion for a new trial.

Filed Dec. 12, 1888.