The Louisville, New Albany and Chicago Railway Company *v.* Beck.

We find no error in the record for which the judgment of the circuit court should be reversed.

Judgment affirmed.

Filed May 16, 1889.

———————◆———————

No. 13,424.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* BECK.

RAILROAD.—*Right of Way.—Injunction.—Ejectment.—Estoppel. — Assessment of Damages.*—A land-owner who stands by, without demanding compensation, until a railroad is in operation and the public interests are involved, can neither enjoin the company nor maintain ejectment proceedings, his only remedy being a proceeding for the assessment of damages.

From the Carroll Circuit Court.

*G. W. Easley* and *G. R. Eldridge,* for appellant.

*L. G. Beck* and *L. D. Boyd,* for appellee.

MITCHELL, J.—This action was brought against the appellant railroad company by Beck, the owner of a lot in the city of Delphi, to recover so much of the lot as is occupied by the railroad company with its track and right of way, over and upon which it is conducting its business as a common carrier.

This case is directly within the principles which ruled in *Louisville, etc., R. W. Co.* v. *Soltweddle,* 116 Ind. 257, *Bravard* v. *Cincinnati, etc., R. R. Co.,* 115 Ind. 1, *Sherlock* v. *Louisville, etc., R. W. Co.,* 115 Ind. 22 (30), *Midland R. W. Co.* v. *Smith,* 113 Ind. 233, *Indiana, etc., R. W. Co.* v. *Allen,* 113 Ind. 581, and other cases.

These cases declare the general rule, that a land-owner who stands by, without demanding compensation, until a railroad company has so far completed and put in operation its road over his land as to involve the public interest, can neither enjoin the company nor maintain ejectment to recover his land. The only remedy left to the land-owner, in such a case, is to proceed within the proper time to have his damages assessed and enforced against the railroad company. This rule is founded upon the general principles of public policy, as well as upon the provisions of section 3953, R. S. 1881.

The judgment is reversed, with costs.

Filed May 17, 1889.