Morgan *et al. v.* The Lake Shore and Michigan Southern Railway Co.

Filed Jan. 5, 1892.

No. 15,099.

MORGAN ET AL. *v.* THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY.

PLEADING.—*Title.—Special Pleading.*—In pleading title, a general averment must yield to a specific one, and if the specific allegations do not show title the complaint is bad.

SAME.—*Anticipating Defence.*—If the plaintiff undertakes to anticipate a defendant's defence, he must effectually show that such defence is insufficient.

BOUNDARIES.—*Pleading to Establish.*—A complaint to establish a boundary is bad if it does not contain an allegation of a previous request to establish such line.

DAMAGES.—*Pleading Must Show.*—In a complaint to recover damages to land, the value of the land before and after the injury, or the amount of the damages, must be stated.

RAILROAD.—*Ejectment.*—Ejectment will not lie against a railway company to recover land on which its road is located and operated after public rights have intervened.

From the Lake Circuit Court.

*E. Roby, T. J. Wood* and *M. Wood,* for appellants.

*J. H. Baker,* for appellee.

ELLIOTT, C. J.—The complaint alleges that the appellants

<table>
<tr><td>130</td><td>101</td></tr>
<tr><td>135</td><td>350</td></tr>
<tr><td>130</td><td>101</td></tr>
<tr><td>f 157</td><td>590</td></tr>
<tr><td>·130</td><td>101</td></tr>
<tr><td>·161</td><td>530</td></tr>
<tr><td>162</td><td>415</td></tr>
<tr><td>130</td><td>101</td></tr>
<tr><td>e167</td><td>366</td></tr>
<tr><td>130</td><td>101</td></tr>
<tr><td>170</td><td>578</td></tr>
</table>

are the owners of the land therein described; that they derive title through the act of Congress commonly called the "Swamp Land Act," and through conveyances made by the State and by other owners; that the Buffalo and Mississippi Railroad Company was incorporated by an act of the General Assembly of Indiana, approved February 6th, 1835; that section 1 of the act provides that "the corporation shall have power to examine, survey, mark and locate the route of said railroad for a single or double track with full power to diverge from a direct line when more favorable ground can be had for the construction of said road, the same not to exceed eighty feet in width;" that an act passed in January, 1846, authorized the company named in the act of 1835 to consolidate with other railroad companies; that in 1853 that company did consolidate with other companies and located a line for a single track; that the single track constructed in 1853 was located 562 feet north of the present track; that afterwards the company constructed the track now in use, and this track is more than 200 feet from the original track; that the track last mentioned was constructed in 1854; that the width of the track, as constructed, was sixteen feet; that the company did not obtain a grant of the right of way, nor was it appropriated under the right of eminent domain; that in 1854 the defendant, as the successor of the former company, wrongfully built another track by the side of the track constructed in 1854 without the consent of the plaintiffs, and without paying them any compensation; that the defendant claims the right to occupy the land used by it for a single track from 1854 continuously to the present time by virtue of the statute of limitations of the State of Indiana, and that it has been in actual, open, adverse possession of the strip of land for more than twenty years.

It is very difficult to give a construction to the complaint. It contains much that should not be pleaded, and its general frame makes it almost impossible to determine upon what

theory it proceeds or what its character is. Counsel claim that if it is good as a complaint for possession or as a complaint to establish boundaries, or as a complaint for the recovery of damages, it will repel a demurrer. This position is not tenable. It is, of course, well settled that a complaint will repel a demurrer if it entitles the plaintiff to some relief, although not to all the relief demanded. *Bayless* v. *Glenn*, 72 Ind. 5. But the rule stated does not by any means warrant the conclusion that a plaintiff may present one case and recover on another, as, for instance, frame a complaint in ejectment, and upon it obtain an injunction. *Mescall* v. *Tully*, 91 Ind. 96 ; *Western Union Tel. Co.* v. *Young*, 93 Ind. 118 ; *First National Bank* v. *Root*, 107 Ind. 224.

But waiving this point and construing the complaint as appellants assert it should be construed, we will decide the main questions in the case.

Two prefatory observations are necessary :

*First.* The complaint pleads the title of the plaintiffs specifically, and the general averments must yield to the specific allegations, so that if the specific allegations do not show title he will fail. *Reynolds* v. *Copeland*, 71 Ind. 422.

*Second.* The plaintiffs have undertaken to anticipate the appellee's defence, and although they were not bound to anticipate the defence, yet, having assumed to do so, they must effectually show that the defendant's defence is insufficient.

The claim that the complaint is good as a complaint to establish boundaries is disposed of by declaring that there is no allegation in the complaint that the defendant was ever requested to establish the lines. A party can not be harassed by a suit in such a case unless there has been a precedent request. It may also be added that there are no facts averred which present an issue as to boundary lines, nor any such descriptions given as would enable the court to establish the lines.

The claim that the complaint is good as a complaint for

damages is not supported, because the value of the land is not given nor the extent of the injury stated. It may be that nominal damages can be inferred, but a judgment will not be reversed to give a party an opportunity to recover nominal damages.

The claim that the complaint is good as a complaint in ejectment can not be sustained, because ejectment will not lie to recover the land on which a railroad is located and operated after public rights have intervened. *Kincaid* v. *Indianapolis, etc., Co.,* 124 Ind. 577; *Louisville, etc., R. W. Co.,* v. *Beck,* 119 Ind. 124; *Louisville, etc., Co.* v. *Soltweddle,* 116 Ind. 257; *Bravard* v. *Cincinnati, etc., R. R. Co.,* 115 Ind. 1; *Sherlock* v. *Louisville, etc., R. W. Co.,* 115 Ind. 22; *Midland R. W. Co.* v. *Smith,* 113 Ind. 233; *Indiana, etc., R. W. Co.* v. *Allen,* 113 Ind. 581, and cases cited; *Porter* v. *Midland R. W. Co.,* 125 Ind. 476; *Strickler* v. *Midland R. W. Co.,* 125 Ind. 412; *Midland R. W. Co.* v. *Smith,* 125 Ind. 509.

It is evident that the specific facts stated do not show a title sufficiently strong to destroy the defence attempted to be anticipated.

Judgment affirmed.

Filed Oct. 6, 1891; petition for a rehearing overruled Dec. 18, 1891.