W. S. BURNS, TRUSTEE, ET AL. V. SCHOOL DISTRICT NO. 18 OF ROCK COUNTY ET AL.

FILED FEBRUARY 20, 1901. No. 9,402.

1. **Schoolhouse: REAL ESTATE MORTGAGE: PRIOR LIEN: ADJUDICATION.** A schoolhouse was erected on a part of a tract of land of eighty acres incumbered by a real estate mortgage. The mortgage lien was foreclosed, the decree establishing the mortgage as a prior lien on the real estate, to which the interest of the school district was subject and inferior. *Held,* Not to be an adjudication that the schoolhouse was a part of the realty and included in the mortgage lien.

2. **Construction of Statute: AUTHORITY OF BOARD: TITLE TO LAND.** Under the provisions of section 7, subdivision 5, chapter 79, of the Compiled Statutes, the authorities of a school district have no authority to enter into any agreement, contract or

arrangement, express or implied, to build a frame schoolhouse on a site for which they have not a title in fee, without the privilege to remove the same when lawfully directed to do so by the qualified voters of the district.

3. **Condemnation of Land: MEASURE OF DAMAGES.** Where a schoolhouse has been erected upon land upon which there exists a mortgage, the school district authorities may, after the erection of such building, condemn the land required for a site for such building, and the true measure of damage is the value of the land taken, exclusive of the value of the building, and the damage to the remainder, if any.

ERROR from the district court for Rock county. Tried below before KINKAID, J. *Affirmed.*

*W. J. Courtright,* for plaintiffs in error.

*J. A. Douglas, contra.*

HOLCOMB, J.

In a condemnation proceeding of a schoolhouse site under the provisions of subdivision 12 of chapter 79 of the Compiled Statutes of 1899, the mortgagee, whose mortgage lien on the land, a part of which was sought to be condemned, had been reduced to decree, appealed from the award of the appraisers, contending that his mortgage lien extended to and covered a school building theretofore erected, and that the property could not be taken by condemnation proceedings without paying the value of the school building, as well as the site upon which it was located. This contention is certainly unwarranted. We know of no rule of law or principle in the administration of justice which would, by such a process, take the property of the taxpayers of the school district and transfer it to the mortgagee, to be again paid for in the proceedings in condemnation.

It is contended that by the decree in foreclosure the status of the building was fixed as a part of the realty on which it was situated, to which the lien of the mortgage attached. The decree on the record before us appears to do nothing more than establish the lien of the

mortgage upon the real estate covered by it, and direct-
ing a sale of the property in satisfaction of the debt. The
question of the character of the property of the school
district was not brought in issue by the pleading of the
mo: tgagee, the defendant school district being in default,
and was not adjudicated by the decree of the court, save
that the interest of the school district in and to the real
estate was held inferior and subject to the lien of the
mortgage. We do not think it necessary to enter into a
discussion of the law of betterments and fixtures where
the circumstances are as in the case at bar. It is not a
question of the rights of individuals in a contest over
property placed by private parties on real estate and
claimed to attach as a part of the freehold. The law as
fixed by the legislature must determine the rights of the
respective parties in this action, and beyond this we
need not go. By section 7 of subdivision 5 of the chapter
referred to it is specially provided that a school district
shall not in any case build a frame schoolhouse, such as
the one in controversy, "on any site for which they have
not a title in fee, without the privilege to remove the
same when lawfully directed to do so by the qualified
voters of the district at any annual or special meeting."
The authorities of the district are not empowered by any
acts of their own to enter into any agreement, contract
or arrangement, expressed or implied, conflicting with
the provisions of this statute. Their authority being de-
rived from the statute, their action must be guarded and
controlled by its provisions. But in this case there is
nothing to show any intention or action on their part
inconsistent with its provisions, and it is quite manifest
that the right to removal exists under the statute, and
that a mortgage lien on the real estate upon which the
building was erected could not attach thereto.

But there are other reasons for upholding the judg-
ment of the trial court. The school district might, at its
option, have either removed the schoolhouse, or, as it did,
begin condemnation proceedings for the purpose of ob-

taining title to the site upon which the building was constructed. In the exercise of the right of eminent domain conferred upon the authorities of the school district by statute they might, either before or after the construction of the building, condemn the site, and the fact that it was not done before would not give to the person whose property was taken for public use the right to claim the improvement or betterment for the construction and use of which the condemnation was had. We can conceive of no good rule which would require that, in the exercise of the right of eminent domain, if the title to the property necessary for public use had in the first instance failed and subsequent proceedings were required, in estimating the damages sustained by reason of the property being taken for public use, the value of the improvement for which the condemnation was had should form an element of the damages sustained; and it is not believed that any such rule exists. The district, having the right of condemnation, might, either before or after the construction of the building, proceed in the manner pointed out by statute, and in doing so, the true measure of damages would be the value of the property taken, not including the improvement placed thereon, and the damage, if any, to the remainder. We would be slow, indeed, to adopt the proposition advanced by the plaintiff in error, that because the owner of the legal title to the real estate was unable to convey good title to the school district and the property at the time was mortgaged, the improvement constructed thereon inured to the benefit of the mortgagee, and for which he must be paid before the district might have and use what is in fact its own. This is utterly repugnant to every sense of justice.

The judgment of the district court is entirely proper, the only one that could have been rightfully entered, and must be

AFFIRMED.