## McClarren et al. *v.* Jefferson School Township.

[No. 20,971. Filed October 17, 1907.]

1. **Eminent Domain.**—*Pending Proceedings.*—*Statutes.*—*Repeal.*— The eminent domain act of 1905 (Acts 1905, p. 59, §§893-904 Burns 1905) did not affect proceedings filed after the passage of such act, but before the taking effect thereof; and such proceedings will be considered as pending in all respects as if such act had not been passed. p. 141.

2. **Pleading.**—*Complaint.*—*Eminent Domain.*—*Amendments.*—The description of the real estate in a complaint for condemnation may be amended to conform to the description contained in the appraisement, even after a finding or a verdict on the exceptions. p. 142.

3. **Eminent Domain.**—*Improvements.*—*Subsequent Condemnation.* —*Damages.*—Where one, having the right to exercise the power of eminent domain, enters upon another's land, with or without consent, and places improvements thereon, he is not required, in a subsequent proceeding for the condemnation of such land, to pay to the landowner the value of such improvements. *Graham* v. *Connersville, etc., R. Co.,* 36 Ind. 463, overruled. p. 143.

4. **Ejectment.**—*Injunction.*—*Railroads.*—*Wrongful Use.* — *Acquiescence.*—Neither ejectment nor injunction will lie, ordinarily, to prevent a railroad company's use of lands wrongfully taken. where the owner has acquiesced in such taking until such company has entered upon its duties as a common carrier. p. 144.

5. EMINENT DOMAIN.—*Schools.—Improvements.— Ownership of Lands.—Mistake.—Subsequent Condemnation.—Damages.*—Where a part owner of a tract of land knowingly permits a school township to use such tract and erect a school building and fences thereon, such owner, in a subsequent proceeding to condemn such land, cannot require such improvements to be considered in estimating the damages recoverable. p. 147.

From Greene Circuit Court; *Orion B. Harris,* Judge.

Condemnation proceeding by Jefferson School Township against Laura McClarren and others. From a decree for plaintiff, defendants appeal. *Affirmed.*

*George O. Sample,* for appellants.
*Minor F. Pate,* for appellee.

MONKS, J.—Appellee filed in the court below a complaint to condemn certain lands of appellant Laura McClarren, under the act of 1881 (Acts 1881 [s. s.], p. 592, §§6006-6008 Burns 1901). After the appraisers had filed their report, appellee, on leave granted by the court, amended the description of the real estate contained in the complaint to correspond with the description set out in the report filed by the appraisers, to which appellants excepted. Appellants thereupon filed exceptions to the appraisement, and such proceedings were had that the court found against appellants and rendered judgment in favor of appellee.

Appellants insist that the proceedings were under the act of 1905 (Acts 1905, p. 59, §§893-904 Burns 1905), for the reason that said act repealed the act of 1881, *supra.*

1. Even if appellants' contention as to the repeal of said act of 1881 by the act of 1905 is correct, a question we do not need to decide, this proceeding is governed by said act of 1881, because the act of 1905, while it repeals all laws in conflict with it, provides that "this repeal shall not affect pending proceedings, but such proceedings may be completed as if this act had never been passed." The record shows that the complaint in this case was filed on March 20, 1905, and that summons was served on appellants on April 11,

1905. As the act of 1905 did not take effect until after April 11, 1905, it is evident that this cause was pending when said act took effect, and therefore is governed by the act of 1881, even if the same was repealed by said act of 1905.

It is insisted that the court erred in permitting appellee to amend the description of the real estate contained in the complaint after the report had been filed by the ap-

2. praisers. The record shows that the description of the real estate in the complaint was amended to agree with the description contained in the appraisement. Error was not committed in permitting such amendment. The court had full power to allow the complaint to be amended, after a finding or verdict on the exceptions, to remedy any defect or incorrectness in the description of the real estate. 7 Ency. Pl. and Pr., 540, 542; 15 Cyc. Law and Proc., 859, 860; *Midland R. Co.* v. *Smith* (1890), 125 Ind. 509, 510; *Darrow* v. *Chicago, etc., R. Co.* (1907), *ante*, 99.

It appears from the record that in September, 1904, appellee, believing that Charles E. McClarren, the husband of appellant Laura McClarren, was the owner in fee simple of the real estate in controversy in this case, commenced a proceeding against him to condemn said real estate, for the erection of a schoolhouse thereon, under the act of 1881, *supra,* and that such proceedings were had in said cause that final judgment was rendered, vesting the title in said real estate in appellee in conformity with said act of 1881. Appellant Laura McClarren was not a party to said proceedings. Appellee, without any notice or knowledge that appellant Laura McClarren owned said real estate or claimed any interest therein, took possession thereof under said judgment with the belief that it was the owner thereof, and in good faith built thereon in 1904 lasting and valuable improvements, consisting of a public school building and fencing amounting to $600, and said real estate ever since has been used for public school purposes by appellee. Appellant

Laura McClarren had full notice and knowledge of the commencement of said former proceedings against her husband to condemn said real estate, and of each and all the acts and proceedings above stated. During all the time of the construction and erection of said improvements on said real estate she lived in sight of the same, passed by and saw the same being erected and constructed, and had full notice and knowledge of the erection and construction thereof and of the purpose for which the same were being erected, and for which the same have been at all times used, and made no objection thereto, and at no time did she make known to appellee that she was, or claimed to be, the owner of said real estate, until after said improvements had been completed, and after the same had been used for the purposes of the public schools. Thereafter, when appellee learned that she claimed to own said real estate, this proceeding was brought.

Appellant Laura McClarren claims that said improvements under the common-law rule became her property as the owner of said real estate, and that she is there-

3. fore entitled to recover the value thereof in this case as a part of her damages, and that the court erred in holding that she could not recover the same, citing *Graham* v. *Connersville, etc., R. Co.* (1871), 36 Ind. 463, wherein the court held, among other things, that when a railroad company, without having acquired the right to do so, entered upon real estate and constructed a depot and other structures for the use of the company, under the common-law rule said buildings became a part of the real estate, and therefore the property of the owner of the land, and, in a proceeding subsequently brought by the company to condemn said real estate, the landowner was entitled to have the value of said improvements included as a part of his damages.

The great weight of authority, however, is that when a person, corporation, or body, invested with the power of

eminent domain, enters upon land with or without the consent of the owner, express or implied, and places improvements thereon, and subsequently institutes proceedings to condemn the same land, the common-law rule that a structure erected by a tort-feasor becomes a part of the land does not apply, and the owner is not entitled to the value of such improvements. 15 Cyc. Law and Proc., 763, 764; 19 Cyc. Law and Proc., 1056; 3 Elliott, Railroads, §998; 2 Lewis, Eminent Domain (2d ed.), §507; 4 Sutherland, Damages (3d ed.), §1076; 10 Am. and Eng. Ency. Law (2d ed.), 1159; *Louisville, etc., R. Co.* v. *Dickson* (1885), 63 Miss. 380, 56 Am. Rep. 809; *Oregon, etc., R. Co.* v. *Mosier* (1887), 14 Ore. 519, 13 Pac. 300, 58 Am. St. 321; *Justice* v. *Nesquehoning Valley R. Co.* (1878), 87 Pa. St. 28, 31; *Jones* v. *New Orleans, etc., Assn.* (1881), 70 Ala. 227, 232; *International Bridge, etc., Co.* v. *McLane* (1894), 8 Tex. Civ. App. 665, 28 S. W. 454; *Searl* v. *School Dist., etc.* (1890), 133 U. S. 553, 10 Sup. Ct. 374, 33 L. Ed. 740; *Aldridge* v. *Board, etc.* (1905), 15 Okla. 354, 82 Pac. 827; *Burns* v. *School Dist., etc.* (1901), 61 Neb. 351, 85 N. W. 284; *Chase* v. *Jemmett* (1892), 8 Utah 231, 30 Pac. 757, 16 L. R. A. 805; *Ellis* v. *Rock Island, etc., R. Co.* (1888), 125 Ill. 82, 17 N. E. 62; *Chicago, etc., R. Co.* v. *Goodwin* (1884), 111 Ill. 273, 53 Am. Rep. 622, and cases cited; *St. Johnsbury, etc., R. Co.* v. *Willard* (1888), 61 Vt. 134, 17 Atl. 38, 15 Am. St. 886, 2 L. R. A. 528; *Cohen* v. *St. Louis, etc., R. Co.* (1885), 34 Kan. 158, 8 Pac. 138, 55 Am. Rep. 242; *St. Louis, etc., R. Co.* v. *Nyce* (1900), 61 Kan. 394, 59 Pac. 1040, 48 L. R. A. 241, and cases cited; *Jacksonville, etc., R. Co.* v. *Adams* (1891), 28 Fla. 631, 10 South. 465, 14 L. R. A. 533, and cases cited.

True it was held in this State in *Graham* v. *Connersville, etc., R. Co., supra,* cited by appellants to sustain their contention in this case, and in *Indiana, etc., R. Co.* v. *Allen* (1888), 113 Ind. 581, and cases cited on page 582, and in *Midland R. Co.* v. *Smith* (1888), 113 Ind. 233, 235, and cases cited, that when land is seized by a railroad

company without right the owner may maintain ejectment or injunction. But there are many exceptions to this rule. One important exception is that a failure to bring the action until public interests have intervened will prevent its successful prosecution. Acquiescence after the railroad company has entered upon its duties as a common carrier will ordinarily defeat the action. As was said by this court in *Indiana, etc., R. Co.* v. *Allen, supra,* on page 583, concerning such exceptions: "This element did not enter into the earlier cases decided by this court, and those decisions are not decisive of a case where it exists. * * * What we affirm is, that acquiescence after public rights have intervened will prevent a landowner from destroying the line of road by wresting possession of a part of it from the company. This principle does not rest upon the right of the railroad corporation so much as upon considerations of public policy. * * * Compensation he may recover, possession he cannot. To the recovery of just compensation his rights are confined." *Graham* v. *Connersville, etc., R. Co., supra,* is one of the cases referred to by the court in said quotation as not being decisive of a case where such element exists.

In *Midland R. Co.* v. *Smith, supra,* a case to enjoin a railroad company from constructing its road over appellee's land, this court said, on page 236: "As has been seen, relief by injunction will only be granted when application therefor is seasonably made. A landowner who 'stands by' and acquiesces until a railroad corporation has expended its money and constructed its track across his land, so that the track at that point becomes part of its line, will not thereafter be entitled to invoke the aid of a court of equity in arresting an enterprise in which the public, as well as the railroad company, has an interest. Upon considerations of public policy, as well as upon recognized principles of justice, courts of equity will refuse to interfere after a railroad corporation has entered upon land with the consent or by

the license of the owner, and has expended money in the construction of its road upon the strength of such license or consent, or where the landowner has acquiesced in the use of his land by the railroad company until the public interest or convenience becomes involved. *Campbell* v. *Indianapolis, etc., R. Co.* [1887], 110 Ind. 490, and cases cited; *Chicago, etc., R. Co.* v. *Jones* [1885], 103 Ind. 386; *Buchanan* v. *Logansport, etc., R. Co.* [1880], 71 Ind. 265; 2 Rorer, Railroads, 741, 750, 751; 2 Wood, Railroads (Minor's ed.), 926. Concerning the case of *Cox* v. *Louisville, etc., R. Co.* [1874], 48 Ind. 178, which is sometimes relied on as sustaining a contrary doctrine, this court said in the recent case of *City of Logansport* v. *Uhl* [1885], 99 Ind. 531, 50 Am. Rep. 109, that no question was made upon the delay in bringing suit or upon the acquiescence of the plaintiff.'' The following cases are to the same effect: *Cincinnati, etc., R. Co.* v. *Clifford* (1888), 113 Ind. 460, 467; *Indiana, etc., R. Co.* v. *McBroom* (1888), 114 Ind. 198, 200, and cases cited; *Louisville, etc., R. Co.* v. *Beck* (1889), 119 Ind. 124; *Bravard* v. *Cincinnati, etc., R. Co.* (1888), 115 Ind. 1, 5, and cases cited; *Strickler* v. *Midland R. Co.* (1890), 125 Ind. 412, 415-417, and cases cited; *Porter* v. *Midland R. Co.* (1890), 125 Ind. 476, and cases cited; *Midland R. Co.* v. *Smith* (1893), 135 Ind. 348, 350-352, and cases cited; *Louisville, etc., R. Co.* v. *Berkey* (1894), 136 Ind. 591, 593, 594, and cases cited; *Indiana R. Co.* v. *Morgan* (1904), 162 Ind. 331, 336-338, and cases cited.

In *Indiana, etc., R. Co.* v. *Allen* (1885), 100 Ind. 409, 415, 416, it was held that when a railroad company constructs its road with the knowledge of, and without objections from, the landowner, and afterwards institutes condemnation proceedings, the landowner is not entitled to recover as a part of his damages the value of the iron and cross-ties used in constructing said road on said strip of land.

It will be observed that in this case appellee in good faith expended money in the construction of the schoolhouse and

fencing on the real estate in controversy, owned by appellant Laura McClarren, with her knowledge, and used said property for public school purposes, all with her knowledge and without objection. By such conduct she acquiesced in said use of said land until public interests and convenience became involved. This brings this case within the rule declared in the case just cited, that the landowner cannot recover possession, but her rights are confined to the recovery of just compensation, which, as held in *Indiana, etc., R. Co.* v. *Allen* (1885), 100 Ind. 409, 415, 416, and in the authorities before cited, does not include said improvements.

Judgment affirmed.