MAY TERM, 1915. 147

Town of Newpoint v. Cleveland, etc., R. Co.—59 Ind. App. 147.

# Town of Newpoint v. The Cleveland, Cincinnati, Chicago and St. Louis Railway Company.

[No. 8,490. Filed January 29, 1915. Rehearing denied April 16, 1915. Transfer denied May 27, 1915.]

1. APPEAL. — *Review.* — *Briefs.* — *Sufficiency.* — Where appellant's brief shows a substantial and good-faith effort to comply with the rules of the Supreme and Appellate Courts with reference to presenting rulings on demurrers, the questions presented on such rulings will be considered. p. 154.

2. RAILROADS.—*Use of Street for Right of Way.—Action.—Answer.—Sufficiency.—"Grant".*—In an action for mandatory injunction to prevent the occupancy and use of a street for railroad purposes, a paragraph of answer on the theory that the right of way over the land occupied by the street had been obtained by defendant's predecessors, long before the town came into existence, pursuant to an act of 1832 (Local Laws 1832 p. 173, §15), and an act of 1848 (Local Laws 1848 p. 432, §14), from the original owners thereof who "gave and granted" to its predecessors the right to take and occupy the ground, etc., was not open to the objection that it failed to aver that such right of way was obtained in writing, since the word "grant" implies a conveyance in writing, and especially in view of the character of the action and the existence of averments justifying the inference that such land was obtained by an instrument in writing. pp. 155, 156.

3. RAILROADS.—*Use of Street for Right of Way.—Action.—Answer of Title.—Necessity of Setting Out Deed.*—In an action for mandatory injunction to prevent the use and occupancy of a street for railroad purposes, an answer by the railroad company averring the acquisition of the right of way by grant long before the establishment of the town was not insufficient for failure to set out the deed or grant relied on, since such deed or grant constituted merely the evidence of title and was not required to be pleaded. p. 156.

4. RAILROADS.—*Right of Way.—Statutory Provisions.*—Under the acts of 1832 and 1848 (Local Laws 1832 p. 173, §15; Local Laws 1848 p. 432, §14), relating to the acquisition of rights of ways by railroad companies, etc., and providing that all contracts, relinquishments, grants, etc., shall be fully and plainly made in writing, and signed by the party making the same, did not have the effect of making all such transactions invalid if not made

in writing, but merely rendered them unenforceable in actions at law by the railroad company against the landowner.  p. 156.

5.  RAILROADS.—*Use of Street for Right of Way.—Action.—Answer.* —In an action for mandatory injunction to prevent the use and occupancy of a street for railroad purposes, an answer alleging that the land was obtained by defendant's-predecessors by grant long before the town was established, etc., was not objectionable on the theory that such grant was unenforceable if not in writing, where it appeared that the grant or gift had been executed. p. 157.

6.  RAILROADS.—*Use of Street for Right of Way.—Action.—Answer.* —*Sufficiency.*—In an action for mandatory injunction to prevent the use and occupancy of a street for railroad purposes, an answer averring facts to show that the original owners of the land occupied by the street had estopped themselves from asserting title against defendant's predecessors, and that any right acquired by plaintiff town in such right of way as a street was subject to defendant's right, was not open to the objection that it was insufficient for failure to show that such right of way was obtained from the original owners in writing.  p. 157.

7.  RAILROADS.—*Use of Street for Right of Way.—Action.—Adverse Possession.—License.—Answer.*—The objection, in an action for mandatory injunction to prevent the use and occupancy of a street for railroad purposes that it was not alleged that defendant's right of way was obtained in writing from the landowners, was not applicable to an answer showing the acquisition of a right of way by adverse possession over the land occupied by the street, nor to a paragraph of answer showing that defendant acquired its right of way by license.  p. 157.

8.  APPEAL.—*Questions Reviewable.—Briefs.*—No question is presented for review on the overruling of a motion for new trial, where appellant's brief wholly fails to meet the requirements of the Supreme and Appellate Court rules in such respect.  p. 158.

From Decatur Circuit Court; *John C. Robinson,* Special Judge.

Action by the Town of Newpoint against The Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*John E. Osborn, Horace C. Skillman* and *Frank Hamilton,* for appellant.

*Isaac Carter, H. C. Morrison, Cravens & Cravens, Baker & Richman* and *Frank L. Littleton,* for appellee.

HOTTEL, C. J.—The town of Newpoint, appellant, brought this action and by it sought to compel appellee, by mandatory injunction, to remove one of its main tracks from one of the streets of that town. Briefly stated, the averments of the first paragraph of complaint are in substance as follows: The appellant is a town of about 600 inhabitants, situated in Decatur County, Indiana, and in 1889 was duly incorporated as a municipal corporation, and since that time has been and is now a municipal corporation. Appellee is a railroad corporation and as such owns and operates a line of railroad which passes through the State of Indiana and through the town of Newpoint. There has been a public street, known as Railroad Street, located in such town for more than thirty years. In August, 1906, and previous thereto appellee was threatening to construct a line of railroad longitudinally along said street its entire length. Before appellee had done any work thereon it was notified in writing by appellant's town board not to construct its road on said street and that if it did appellant would institute an action to enjoin the operation of such road. Notwithstanding such notice appellee constructed such railroad upon said street its entire length. Said street is the main street in said town for foot travel and a large number of residences, factories, offices, stores and saloons face upon it on each side its entire length, and the only means of ingress to and egress from such buildings is from and along said street, except by means of alleys and other back entrances. After said track was constructed the town by and through its town board notified appellee not to operate any engines, trains or cars thereon, and notified it that if it did, appellant would institute an action against it to enjoin such operation. Appellee is now daily operating over such track many trains of cars at high and dangerous rates of speed and such operation is without the consent of appellant and its town board. The location of the track in the street and

the operation of the trains, engines, and cars thereon, constitute a great menace to the lives of the residents of the town and of the public generally travelling on the street, and impairs the use of the street by the residents of the town and the public generally and will result in loss of life to pedestrians and travelers on the street. Unless enjoined from so doing appellee will continue permanently to maintain the track and to operate cars, engines and trains thereon. Appellant has no adequate remedy at law for the injury complained of. Appellee completed the construction of its track within less than ninety days previous to the commencement of this action and commenced operating engines, trains and cars thereon within less than thirty days prior thereto.

The second paragraph is not materially different from the first, and the third and fourth paragraphs set out more in detail the facts connected with appellee's railroad occupying the street in question, and show that for thirty years last past the appellee had maintained and operated its railroad over such street with the main line thereof extending longitudinally in and along and near the center of said street; that at the west end of such street and south of the main track appellee also maintained a side track; that during such period appellee had at no time occupied more than 25 feet in width of said street, and there remained a considerable portion of said street south of appellee's main track open to the public for travel; that in the years 1906 and 1907, appellee constructed a second main track longitudinally along said street immediately south and adjoining its other main track, etc.

To this complaint there was filed an answer in fourteen paragraphs, the first of which was a general denial. The second, fifth, seventh and eighth paragraphs were afterwards withdrawn. A demurrer to the remaining affirmative paragraphs was overruled as to paragraphs 9, 10, 11, 13 and 14 and sustained as to the other paragraphs.

The averments of the ninth paragraph of answer, briefly stated, are in substance as follows: The legislature of Indiana by an act approved February 2, 1832, authorized the "Lawrenceburg and Indianapolis Railroad Company" to construct, build and operate a railroad from Lawrenceburg, Indiana, to Indianapolis, and to acquire the right of way therefor, 80 feet in width; that such legislature also by an act approved February 16, 1848, incorporated, chartered and authorized the Rushville and Lawrenceburg Railroad Company to construct, build and operate a railroad, and to acquire land for that purpose through that part of said county described in appellant's complaint and through what is now the town of Newpoint, and to take and secure the fee of said ground taken for a right of way; that pursuant to such authority the companies so organized and authorized to secure such right of way and construct such railroad, long before 1854 did construct a railroad through that part of Decatur County, Indiana, described in appellant's complaint and through what is now the town of Newpoint; that there was no town where the same is now, and that the portion of the town where it is alleged in the complaint that appellee now has its track or tracks was then forest or agricultural land; "that the owners of such land, now included in said town of Newpoint and the owners of the land over which it is alleged in the complaint the defendant has constructed its road gave and granted to said railroad companies the right to take, occupy and use for such purposes a strip of ground 80 feet wide and which extended through what is now said town; that in pursuance of said gift and grant and long before 1854, said corporation entered upon said strip of ground, graded the same, constructed its railroad thereon and ever since then the same has been occupied and used for the purpose of constructing, operating and maintaining a railroad thereon; that no part of said 80-foot strip, when the same was so acquired and used, was in any public highway or street; that in so con-

152      APPELLATE COURT OF INDIANA,

Town of Newpoint *v.* Cleveland, etc., R. Co.—59 Ind. App. 147.

structing said railroad said corporations expended large sums of money thereon with the full knowledge and consent of the then owners of said land and without objection by any of them; that after all this was done the then owners of the land over which the right of way extended platted the same and marked on the plat the ground occupied by such right of way as 'Railroad Street', and caused the plat to be recorded in the recorder's office of said county; that said railroad companies and their successors, ever since said right of way was obtained as herein alleged have used the part of the land designated as Railroad Street in which it is alleged that appellee has unlawfully placed its track for purposes connected with the business of constructing, owning and operating a railroad thereon, and for the business necessarily incident thereto.'' The paragraph contains other averments which are not of controlling influence on the question presented by the appeal.

The tenth paragraph contains substantially the same averments as the ninth paragraph, except, instead of alleging that the original owners of the 80-foot strip of land, now claimed by appellant, *"gave and granted"* such land to the said railroad companies, the tenth paragraph proceeds on the theory of estoppel and alleges, ''that said corporations entered upon and took possession of the land described in the plaintiff's complaint as the land upon which it is alleged the defendant has constructed its track and tracks and took possession of a strip of ground there 80 feet wide and constructed and operated a railroad thereon and did this long before 1854, and used said strip for right of way purposes; that no part of said right of way was then in any public highway or street; that in so doing they expended large amounts of money; that they did this with the full knowledge and consent of the persons who owned the land over which said right of way extended; * * * that the owners of such land never at any time objected to the construction and operation of the railroad as herein alleged.''

MAY TERM, 1915.        153

Town of Newpoint *v.* Cleveland, etc., R. Co.—59 Ind. App. 147.

Other facts are alleged to the effect that the only attempt at dedication of such strip of ground for street purposes was long after appellant's predecessors in title had acquired their said rights as before indicated, and then only by owners of the land over which said railroad was located filing in the recorder's office a plat of the land included within the present town of Newpoint, on which plat the 80-foot strip on which said railroad was then located was designated as "Railroad Street", and such plat was filed without the knowledge or consent of either of said corporations which had constructed or acquired said right of way for railroad purposes.

The eleventh paragraph contains substantially the same averments as the ninth and tenth paragraphs, but differs from those paragraphs in that it alleges title to the right of way by adverse possession, viz., it alleges "that ever since said 80-foot strip of ground was so taken, said companies so taking it and the companies succeeding them including the defendant, have during all said time used and occupied the same for the purpose of constructing, maintaining and operating a railroad thereon and have used the same for railroad purposes and such occupation and use during all of said time has been continuous, exclusive, adverse, open, notorious and under claim of right to so occupy and use the same, and that this has continued for a period of more than fifty years; and each of said companies has claimed to own said 80-foot strip in fee; that each of said companies or corporations has succeeded to and become the owner of all the rights of the corporations or companies which preceded it in and to said strip of land 80 feet wide."

The thirteenth paragraph purports to be a partial answer only and appellant predicates its title to the strip of ground in question on adverse possession as to all that part of said 80-foot strip extending 1,500 feet east from the west corporation line of the town of Newpoint.

The fourteenth paragraph is substantially the same as

154    APPELLATE COURT OF INDIANA,

Town of Newpoint *v*. Cleveland, etc., R. Co.—59 Ind. App. 147.

the ninth paragraph, except the title to the right of way is alleged to have been acquired by license.

A reply in general denial closed the issues and a trial by the court resulted in a general finding for appellee. Appellant filed a motion for a new trial which was overruled, whereupon judgment was rendered on the finding for appellee.

Separate errors are assigned in this court challenging the respective rulings of the court on the demurrers to each paragraph of answer, and the ruling on the motion for new trial.

It is very earnestly contended by appellee that, on account of its failure to comply with the rules of the court, appellant has wholly failed to present for our consideration any question involved in such rulings. Without entering into a discussion of the particular criticisms of the briefs, it is sufficient to say that as to the rulings on the demurrer to each of said answers, appellant's briefs show a good-faith effort to comply with said rules and do, in fact, substantially comply therewith. It follows that appellant is entitled to a consideration of the questions presented by such rulings. *Joseph E. Lay Co.* v. *Mendenhall* (1913), 54 Ind. App. 342, 102 N. E. 974; *Harmon* v. *Pohle* (1914), 55 Ind. App. 439, 103 N. E. 1087.

One objection only is urged against each of the paragraphs of answer, viz., that they are bad because it is nowhere alleged in either of them "that appellee's right of way was obtained in writing from the landowners." In support of this contention appellant cites and relies on the acts of February 2, 1832, and February 16, 1848, which are the acts alleged in each of such paragraphs of answer as being the acts of the legislature which authorized appellee's predecessors to construct, build and operate a railroad and acquire the right of way therefor.

The parts of said acts affecting the question under consideration are §15 of the act of 1832 (Local Laws, 1832

MAY TERM, 1915. 155

Town of Newpoint *v.* Cleveland, etc., R. Co.—59 Ind. App. 147.

p. 173), and §14 of an act of 1848 (Local Laws, 1848 p. 432), and as affecting the question under consideration said sections are so nearly identical that we may so treat them. Section 15, *supra,* provdes: "It shall be lawful for the corporaton, either before or after the location of any section of the road, to obtain from the person or persons through whose land the same may pass, a relinquishment of so much of said land, as may be necessary for the construction and location of the road, as also, the stone, gravel, timber, or other materials that may be obtained on said route, and may contract for stone, gravel, timber, and other materials, that may be obtained from any other land near thereto, and it shall be lawful for said corporation, to receive by donations, gifts, grants or bequests, land, money, labor, property, stone, gravel, wood or other materials, for the benefit of said corporation, and all such contracts, relinquishments, donations, gifts, grants, and bequests, made and entered into in writing, by any person or persons, capable in law to contract, made in consideration of such location, and for the benefit of the corporation, shall be binding and obligatory, and the corporation may have their action at law, in any court of competent jurisdiction, to compel the observance of the same: *Provided,* that all such contracts, relinquishments, donations, gifts, grants, and bequests, shall be fully and plainly made in writing, and signed by the party making the same."

Appellant's objection to the ninth paragraph of answer is not well taken because the averments of this paragraph are such as to, at least, justify, if not necessitate, the

2. inference that such right of way was obtained from the owners by an instrument in writing, and hence, as against said objection, is good. *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99. The theory of this paragraph of answer is that the right of way was obtained pursuant to the acts above indicated and these acts each required the contract of grant

to be in writing if the company hoped to enforce it by an action at law. The answer further avers that the owners of the land gave and *granted* to the *railroad companies the right to take,* occupy and use, etc. The word "grant" implies a conveyance in writing. Bouvier's Law Dict.; 20 Cyc. 1360; 14 Am. and Eng. Ency. Law (2d ed.) 1112; Jones, Evidence (2d ed.) §76. The deed or grant being merely the evidence of title, it was not necessary that it should be set out. *Smith* v. *Schweigerer* (1891), 129 Ind. 363, 365, 28 N. E. 696; *Barrett* v. *Johnson* (1891), 2 Ind. App. 25, 27, 27 N. E. 983; *Williams* v. *Frybarger* (1894), 9 Ind. App. 558, 37 N. E. 202. There are other averments in this answer which, we think, make it sufficient in any event. The character of the action in this case must not be overlooked. It is not an action by appellee to enforce a contract, gift or grant of the right of way obtained by its predecessors from the owners of such right of way; but the action is by the town of Newpoint, which, under the averments of the pleadings, had no corporate existence until more than thirty years after the right of way in question was obtained and the railroad built thereon.

We do not understand that the acts in question had the effect of rendering all contracts, gifts or grants of a right of way not made in writing invalid, but when the consideration for such contract, gift or grant was the location of the road, and the company which procured such contract, gift or grant, desired to enforce it by an action at law against the owner, it could do so under such acts only in case the contract was in writing. Subdivisions 2, 3 and 4 of §5195, and §5236 Burns 1908, §§3903, 3907 R. S. 1881, authorize railroad corporations to secure rights of way by condemnation or by purchase or by voluntary grants or donations, and in no other way; and under these provisions the Supreme Court and this court have held that such a right of way may also be acquired by

MAY TERM, 1915. 157

Town of Newpoint v. Cleveland, etc., R. Co.—59 Ind. App. 147.

estoppel, adverse possession or license. *Town of Newcastle v. Lake Erie, etc., R. Co.* (1900), 155 Ind. 18, 26, 57 N. E. 516; *Huffman* v. *State* (1899), 21 Ind. App. 449, 456, 52 N. E. 713, 69 Am. St. 368; *Louisville, etc., R. Co.* v. *Berkey* (1894), 136 Ind. 591, 36 N. E. 642; *City of Noblesville* v. *Lake Erie, etc., R. Co.* (1891), 130 Ind. 1, 29 N. E. 484. Under the averments of this answer the grant or gift was executed and there remained nothing for the company to enforce. *Schierman* v. *Beckett* (1882), 88 Ind. 52; *Wills* v. *Ross* (1881), 77 Ind. 1, 40 Am. Rep. 279.

As before indicated appellee's tenth paragraph of answer contains all the averments necessary to show that the original owners of the right of way in question had by their acts and conduct estopped themselves from asserting title to such right of way against appellee's predecessors, and that any right, if any, afterwards acquired by said town in such right of way as a street was necessarily subject to appellee's right to use for railroad purposes the 80 feet so acquired by it. *Louisville, etc., R. Co.* v. *Berkey, supra,* and authorities cited; *McClarren* v. *Jefferson School Tp.* (1907), 169 Ind. 140, 82 N. E. 73, 13 L. R. A. (N. S.) 417, 13 Ann. Cas. 978. For these reasons appellant's objection to said paragraph of answer is not tenable.

Paragraphs 11 and 13 contain every averment necessary to show title in appellee by adverse possession, to the 80-foot strip of ground used by it, and hence are not open to said objections urged by appellant against them.

The averments of the fourteenth paragraph of answer are to the effect that appellant acquired its right of way under a license, viz., "that said companies so entered upon said land under a license given them so to do by the then owners of the land; that under and by said license they were given the right to use said strip of ground 80 feet wide and to construct, maintain and operate a railroad thereon and to use the same for all railroad purposes, in-

cluding the right to lay and use and maintain switches, side tracks, passing tracks, double tracks, etc., and such license and right were given to said companies in consideration that they would construct, maintain and operate on said ground a railroad, and would use said ground for such railroad purposes, and they, under said license, entered upon the same and constructed, maintained and operated said railroad, and for more than fifty years have so used it." These averments make the answer good as against the objection urged against it. *Buchanan* v. *Logansport, etc., R. Co.* (1880), 71 Ind. 265; *Town of Newcastle* v. *Lake Erie, etc., R. Co., supra; McClarren* v. *Jefferson School Tp., supra.*

The sixth error assigned challenges the ruling on the motion for new trial. As to this error appellant's brief wholly fails to meet the requirements of the rules 8. of the court. Under appellant's points and authorities we find none of them addressed to this error. After the statement of the record we find nowhere in appellant's brief any statement that the court erred in sustaining the motion for new trial and nothing in the points and authorities directed to any ground of such motion, except to the admission and exclusion of certain evidence, and so far as the briefs show no exceptions were saved to such rulings. It follows that under the repeated decisions of this court and the Supreme Court, that as to such assignment of error no question is presented by appellant's brief. *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 103 N. E. 652; *German Fire Ins. Co.* v. *Zonkers* (1915), 57 Ind. App. 696, 108 N. E. 160; *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288, 294, 69 N. E. 546, and cases cited; *Huber Mfg. Co.* v. *Blessing* (1912), 51 Ind. App. 89, 99 N. E. 132; *American Fidelity Co.* v. *Indianapolis, etc., Fuel Co.* (1912), 178 Ind. 133, 98 N. E. 709.

Finding no error in the record the judgment below is affirmed.

NOTE.—Reported in 107 N. E. 560. As to the essentials of adverse possession, see 28 Am. St. 158; 88 Am. St. 701. As to the acquisition of title to land within right of way of a railroad by, adverse possession, see 2 Ann. Cas. 718; 10 Ann. Cas. 1001. As to the acquisition of title by adverse possession or prescription to land acquired by a railroad for railroad purposes but not within right of way, see 21 Ann. Cas. 163. See, also, under (1) 3 C. J. 1407; 2 Cyc. 1913 Anno. 1013-new; (2) 33 Cyc. 202; 20 Cyc. 1358; (3, 5, 6, 7) 33 Cyc. 202; (4) 33 Cyc. 160; (8) 2 C. J. 1407; 2 Cyc. 1013.